# CHARLESTON.

## STATE v. HUFF.

### Submitted March 27, 1917.　Decided May 8, 1917.

1. CRIMINAL LAW—*Indictment and Information—Continuance—Bill of Particulars.*

   A bill of particulars and a continuance will be denied, in a prosecution for the unlawful sale of intoxicating liquors, where the only ground assigned in the motions therefor is that the indictment, valid and in the usual form, does not specify the name of the person to whom the alleged sale was made.　(p. 469).

2. JURY—*Challenge to the Array—Grounds—Disqualification of Commissioner—"De Facto Officer."*

   That the term of one of the commissioners who participated in the preparation of the list from which were drawn and summoned the jurors for the term of court at which accused was convicted had expired prior to the preparation of such list, and he had not been reappointed nor any other person appointed in his stead, is not ground for challenge to the array. Such commissioner, acting *colore officii* is an officer, *de facto,* and his acts as such are valid and binding, in the absence of a showing of actual prejudice to the rights of the defendant.　(p. 470).

3. CRIMINAL LAW—*Harmless Error—Remarks of Prosecuting Attorney.*

   Remarks or conduct by a prosecuting attorney before the jury during the progress of a criminal trial will not constitute reversible error, especially where the jury are instructed to disregard the statements and conduct, unless it is manifest the rights of defendant were injuriously affected.　(p. 472).

4. JURY—*Preparation of List—Directory Statute.*

   The statute requiring jury commissioners to prepare and to the clerk deliver for record in his office a list of the jurors selected by them is directory, and a reasonable delay in the performance of that duty is not such a material irregularity as will warrant a motion to quash a panel drawn from the list.　(p. 472).

5. CRIMINAL LAW—*Appeal—Loss of Notes of the Evidence—New Trial.*

   Loss of the stenographic notes duly taken of the evidence adduced upon a trial is not ground for the award of a new trial by the appellate court, where the bills of exception prepared by the movant and properly signed and filed on the writ of error purport to contain all the evidence introduced before the jury and the proceedings had in the trial court, and there is no showing that such bills are incomplete.　(p. 473).

6. SAME—*Appeal—Reversal—Conduct of Trial.*
    This court will not reverse a judgment of conviction merely be-
cause the trial court refused to permit a detective, engaged to
procure evidence in a criminal prosecution, to state as a witness,
on cross-examination, what monthly salary he received from the
agency which employed him.   (p. 475).

Error to Intermediate Court, Kanawha County.

Claude Huff was convicted of an unlawful sale of intoxicat-
ing liquors, and he brings error.

*Affirmed.*

*T. S. Clark* and *Cato & Bledsoe,* for plaintiff in error.

*A. A. Lilly,* Attorney General, *John B. Morrison, J. E.
Brown,* and *Chas. Ritchie,* Assistant Attorneys General, for
the State.

LYNCH, PRESIDENT:

The defendant was convicted in the intermediate court of
Kanawha county, fined and sentenced to imprisonment in the
county jail, under an indictment charging a violation of §1,
ch. 32, Code 1906.   Of that judgment he now complains.

He demurred to the indictment and moved to quash it,
but does not point out any defect in it, and we perceive none.
It charges that on October 8, 1910, without a state license
therefor, the defendant in Kanawha county sold, offered and
exposed for sale and solicited and received orders for spiritu-
ous liquors, wine, porter, ale, beer and drinks of a like nature.
In this manner he was formally advised of the accusation pre-
ferred, sufficiently to require him to answer the offense
alleged.

The omission in the indictment of the name of the person
to whom the liquors were sold is made the basis of a motion,
refused, to require the prosecuting attorney to designate the
name of the vendee.   The refusal to comply with this demand
is warranted by the decisions of this court in *State v. Chis-
nell,* 36 W. Va. 659, and *State v. Calhoun,* 67 W. Va. 666.

Equally without merit was defendant's motion to continue
until a future term a trial of the case, the sole reason alleged
for the postponement being the supposed lack of definiteness

in the description as to the time, place and circumstances of the violation and the name of the purchaser. Chapter 32 of the Code requires that persons charged with the unlawful sales of intoxicating liquors shall be tried at the term at which the indictment is found. Its policy is to speed the determination of such cases, to the end that violations of its provisions may promptly be suppressed; and a continuance will not be granted except for good cause, the burden of showing which devolves upon the accused. Clearly, the defendant failed to satisfy this requirement. The basis of his motion was that, as the indictment did not furnish a detailed statement of the circumstances incident to the violation charged against him, or the name of the vendee, he could not safely enter upon the trial without the opportunity afforded by a continuance to ascertain when, where and to whom he may have sold liquors in violation of law. This we think, as did the trial court, was not a sufficient reason for granting the delay sought by the defendant. The indictment furnished all the data necessary to enable him to prepare his defense. Such facts he knew; because the evidence shows that his place of business or residence recently had been searched and intoxicating liquors found upon the premises, under his control if not owned by him, and doubtless he knew that the indictment was founded upon the information in this manner obtained, and also that sales of liquors were there made on or about the date of the search. It is scarcely to be supposed that he was not cognizant of the search and seizure of the intoxicants so found. Besides, the ruling upon the motion, requiring as it does the exercise of judicial discretion, will not be reviewed, unless it is apparent the accused was prejudiced by the denial of the motion. *State* v. *Harrison*, 36 W. Va. 729; *State* v. *Madison*, 49 W. Va. 90; *State* v. *Angelina*, 73 W. Va. 146.

Another assignment attacks the authority and qualification of one of the jury commissioners acting for and on behalf of the court in the preparation of the list from which were drawn and summoned the jurors for the trial of cases at the session of the court at which defendant was convicted. It is contended, first, that, as the term of G. G. Reynolds, who in

1910 participated as one of such commissioners in the prepar-
ation of the list, theretofore had expired, his participation
therein avoided the selection and disqualified the persons so
drawn and attending at the term; and, second, that they were
disqualified likewise because the commissioners failed to keep
and to the clerk deliver a record of their proceedings, to be
recorded and preserved by him in his office, as required by
§3, ch. 116, Code.  It is agreed in a stipulation between oppos-
ing counsel that the term of Reynolds did expire June 1,
1909; that he had not been re-appointed, and no other person
appointed in his stead; that the list from which the trial
jurors were drawn for service was prepared by Reynolds and
G. W. Connell; and that a record of their proceedings then
was not made, but in December thereafter was made and en-
tered of record by what purports to be a *nunc pro tunc* order
signed by both commissioners, on which appear the names of
the fifty jurors selected by them to attend as such upon the
intermediate court when and as drawn and summoned for
that purpose.

A jury list is not invalid, and does not constitute a ground
of challenge to the array drawn from it conformably with
the statute, merely because a commissioner whose term of of-
fice had expired and whose successor had not been appointed
participated in its preparation.  The exercise of the duties of
the office after the expiration of his term does not invalidate
his official acts.  No authority cited or found sanctions the
challenge here relied on.  The common law process of choos-
ing grand and petit jurors has in many states, including our
own, been superseded by statutes, the object to be promoted
by the change being to secure jurors less subject to criticism
than were those sometimes convened under the former meth-
ods.  The wisdom of this legislation is obvious.  It mini-
mizes the possibility and danger of that favoritism exhibited
not infrequently when the authority to choose these essential
court attendants was conferred exclusively upon a single
officer, generally the sheriff of the county.  Its object is to
secure impartial men, and to apportion among many the
service which formerly was confined to a few persons. these
often being the social or political associates or friends of the

officer to whom was committed the right of selection. For such enactments there was an imperative public demand; and so salutary has their operation been that the courts uniformly have liberally construed and upheld them, and refused to sustain a challenge to the array drawn and summoned from the list prepared according to the revised plan or method, where the objection is based solely on the ground of defect in the title to the office of the commissioners. *Dolan* v. *People,* 64 N. Y. 485; *Carpenter* v. *People,* 64 N. Y. 483; *State* v. *McJunkin,* 7 S. C. 20; *Commonwealth* v. *Clemmer,* 190 Pa. 203; *Walker* v. *Ferrill,* 58 Ga. 512; *State* v. *Lee,* 35 S. C. 192.

Although the statute definitely fixed four years as the term of such official, without any provision that he should continue to perform the duties of the office until his reappointment or the appointment of a successor, Reynolds lawfully could continue to act until the vacancy was filled in the manner required by law. What he did after the expiration of his term apparently was done as a *de facto* officer, and as such it will be sustained. Courts will not except for the most cogent reason hold invalid an array convened for the trial of cases either civil or criminal. The policy and reason of the rule which declares that when public or personal rights are affected the acts of a *de facto* officer are as valid and binding as if he had performed them while acting *de jure,* is grounded upon the salutary principles of public policy, and is essential to the due administration of justice and the protection of the most sacred interests of society. Otherwise, there necessarily would ensue the gravest consequences and the utmost confusion in both public and private affairs—a condition opposed to the true policy of every well regulated community. For cases holding valid such acts when done *colore officii,* see 4 Enc. Dig. 448.

It is well settled also that the statutory requirement that commissioners shall make out and deliver to the clerk a list of the persons selected by them is directory, not mandatory, and that delay in the performance of this duty is not a material irregularity. *State* v. *Gut,* 13 Minn. 341; *People* v. *Fuhrman,* 103 Mich. 593; *McGann* v. *Hamilton,* 58 Conn. 69.

These objections, we think, clearly were not sufficient to authorize the court to rule otherwise than it did upon ·defend-ant's motions.

To the question, "who vouches for the character, reputation and credibility" of the witness Fillenbaum? propounded in argument by counsel for the accused, the prosecuting attorney replied that he vouched for the witness. Fillenbaum was a detective employed to obtain evidence to convict persons engaged in the unlawful sale of intoxicating liquors in Kanawha county. On his testimony the state mainly relied to secure defendant's conviction. The statement so made in response to the interrogatory is assigned as an additional ground for reversal of the judgment complained of. The contention is that, although the trial court promptly and ex-·pressly directed the jury to disregard the statement, the effect produced by the answer could not in this manner be eradicated. But they were reminded further not to regard any language or remarks of counsel either for the state or the defendant not based on the evidence in the case. Fillenbaum apparently was subjected to a rigid cross-examination, and thereby the purpose for which his services were obtained, the character of his employment and his nonresidence in the state were fully disclosed. Moreover, the remark made could have created no greater influence or had other or additional effect than that which naturally arises upon the introduction of a witness, which in itself is the equivalent of an avouchment of his character, reputation and credibility by the party who calls him to testify. That remark does not, we think, so far transgress the rules of propriety as clearly to operate to the prejudice of the accused. It may have been indiscreet; but this court has uniformly refused to reverse for similar remarks of counsel, where the court instructed the jury to disregard them. *State* v. *Shares*, 31 W. Va. 491; *State* v. *Shawn*, 40 W. Va. 1; *State* v. *Barrick*, 60 W. Va. 576. In the Shawn case, the impropriety which was made a subject of complaint was more aparent than that for which a reversal is now asked. It may be characterized as grossly imprudent. Yet it was held not to be sufficient cause for reversal.

The loss of the stenographic notes of the evidence adduced

upon the trial of the case also is made a ground for vacating the judgment. It is claimed that without the notes the defendant was unable to present fully either the testimony introduced or the exceptions taken by him during the trial, and that to afford him an opportunity to have the benefit of all the evidence in detail and of the errors committed in the admission and rejection of proof a new trial should have been granted. But not until after the submission of the case for final disposition, so far as disclosed, did he in any manner point out the objectionable rulings, or at any time request the trial court to make them a part of the record by bills of exception; and the bills actually signed and now properly presented purport to contain all the evidence upon which the jury acted in ascertaining the guilt of the accused. The evidence, though in an abbreviated or condensed form, seems to be full and complete. There is nothing to show that it is incomplete; nothing to show there were any rulings on the admission or rejection of testimony prejudicial or material to the defendant in addition to those now before us; nothing to show that he did not have a fair and impartial trial. It is not permissible to assume merely that defendant was injured in some manner affecting his rights. What might have been the result had he relied solely upon the refusal of the motion made for a new trial, based in part upon the absence of the stenographic notes, and had he not brought here by bills of exception all the evidence though in an abbreviated form, it is now unnecessary to say. The authorities relied on by him apply only where the facts proved can not be ascertained except upon a translation of the memoranda furnished by the stenographer, or where the court refuses to certify as correct the bills presented for that purpose. But, as defendant presumably did in this instance furnish the data for the bills, and as it does not appear that the court refused to certify any bill he asked in that regard, we can not assume that anything pertinent or material to a full and fair hearing upon this inquiry was omitted. Nor does *Railroad Co.* v. *Davisson,* 45 W. Va. 12, when properly interpreted, reflect light upon this phase of the case. There the death of the justice and the loss of the bill of exceptions signed by him made it impossible

to reproduce the facts proved and obtain a certificate of their authenticity.· No remedy except in a court of equity seemed available; at least jurisdiction was sustained for that purpose. More nearly analogous to the condition here presented were the facts dealt with in *Sanders* v. *Wise,* 74 W. Va. 797, where we held to be erroneous the award of a new trial based solely upon the inability of the presiding judge after the lapse of four years to recall what the facts proved were upon which the jury returned its verdict.

Defendant also excepted to the ruling denying his motion for a new trial on other grounds. These we have examined, although not discussed in the brief of counsel, and find them to be insufficient to warrant a reversal of the judgment. The grounds assigned are based upon the assumption that defendant was prejudiced by the remarks made by the attorney representing the state in his opening statement that the defendant at the time of the sale had a federal license to sell intoxicating liquors, in support of which he introduced no proof; also by placing before the jury a basket containing bottles, variously labelled and marked, filled wholly or partly with a fluid bearing some resemblance to whiskey; by overruling defendant's objection to the examination of Fillenbaum to prove sales made to him, the objection being based upon the ground that it was incompetent to prove sales other than those testified to by the witness Pauley; and by the refusal to permit Fillenbaum to state, when asked, what monthly salary he received from his company during the time he was engaged in this case. The first ground assigned, if sustained, would in many instances compel the award of a new trial; for it is a matter of common knowledge that in explaining to the jury the character of the offense charged, the circumstances surrounding its commission, and the nature of the testimony to be introduced, counsel may intend to show facts which later he·may deem unnecessary or immaterial or impossible of production. Such statements do not bind counsel, nor do they necessarily prejudice the minds of jurors. *State* v. *Barrick,* 60 W. Va. 576. Nor was the display of bottles before the jury such as will warrant a reversal of the judgment rendered. Besides, while it is not shown that those in the

basket were or were not used upon the trial, bottles contain-
ing liquors were produced and so used which were said to
have been found on the premises of the accused at the time
of the search causing the arrest.   Moreover, the court in-
structed the jury not to regard the display in passing upon
the guilt of the accused.   The third ground is untenable, be-
cause the state had the clear right to prove by Fillenbaum
sales made to him by or on behalf of the defendant.   The
proof could not have prejudiced the defendant; because at
the conclusion of the evidence for the state the prosecuting
attorney elected to rely solely upon the sale testified to by
Fillenbaum as made to him on the 6th day of September,
1910.   And lastly we think it was immaterial whether the
witness did or did not receive compensation for his services as
a detective.   The examination to which he was subjected by
counsel fully disclosed the character of his employment.
Any intelligent man would know that he was to receive com-
pensation for his services. How much, was immaterial, in view
of the facts brought to the attention of the court and jury.

Judgment affirmed.                              *Affirmed.*