# CHARLESTON.

## STATE *v.* JIM MURDOCK.

Submitted March 21, 1922.    Decided March 28, 1922.

1. INDICTMENT AND INFORMATION—*Joinder of Felony and Misdemeanor in Same Count.*

    Generally a felony and a misdemeanor can not be joined in the same count in an indictment, but by way of exception to this general rule this may be done when the misdemeanor charged is necessarily, as in this case, included in the greater offense. (p. 629).

2. CRIMINAL LAW—*Appeal—Harmless Error.*

    Though some improper evidence may have been admitted on the trial of an indictment, yet if from all the facts and circumstances shown it clearly appears that the jury could not have been misled or improperly influenced thereby, such improper evidence will be regarded as harmless and not reversible error. (p. 630).

3. CRIMINAL LAW—JURY—*Competency of Juror Who Has Expressed Opinion as to Defendant's Guilt.*

Where a juror on his voir dire shows himself fully qualified to sit as one of the triers of an indictment, the general verdict will not be set aside because of his prior expression of opinion of the guilt or innocence of the accused based on reports or newspaper accounts of the facts, when he has sworn on his voir dire that he is without prejudice or bias against the accused and that regardless of his previously expressed opinion he could give the prisoner a fair trial on the law and the evidence adduced on the trial.  (p. 630).

Error to Circuit Court, Raleigh County.

Jim Murdock was convicted for unlawfully and feloniously owning, operating and having in his possession a moonshine still, and he brings error.

*Affirmed.*

*C. M. Ward* and *T. J. McGinnis*, for plaintiff in error.

*E. T. England,* Attorney General, and *R. Dennis Steed,* Assistant Attorney General, for the State.

MILLER, JUDGE:

Defendant was indicted, tried and found guilty by the verdict of a jury, for unlawfully and feloniously owning, operating and having in his possession a mechanism, apparatus and device, commonly known as a moonshine still, and by the judgment of the court thereon was sentenced to confinement in the penitentiary for a period of two years and to pay a fine of three hundred dollars.

On the present writ of error, awarded him to such judgment, he complains, first, that the court below should have sustained his motion to quash the indictment, on the ground that the one count therein included the offense of having in his possession the mechanism, apparatus and device, which by section 37 of chapter 108 of the Acts of 1919, the statute then in force, amounted to a misdemeanor only, and that a felony and a misdemeanor can not ordinarily be joined in the same count.   This is true as a general proposition, except where the misdemeanor charged is necessarily, as   in this case. included in the greater offense.   We so held re-

cently in the case of *State* v. *Tomlin,* 86 W. Va. 300. Since that decision the statute has been so amended, by chapter 115, Acts 1921, as to include the possession of such mechanism, appartus and device in the offense of felony prescribed thereby.

Another point of error is that the trial court permitted the witness D. G. Fry to give in evidence his opinion that the apparatus proven to have been owned and operated by the defendant was a moonshine still. He was one of the witnesses assisting in the arrest of defendant and the others who were found in charge of and operating the still. His answer was that it was what he knew as a moonshine still, and he knew that only as he was taught, like anything else he knew. Of course under the evidence in the case this fact was one for the jury; but there was no controversy about the surrounding facts and circumstances which were detailed by other witnesses and this particular one. The defendant offered no evidence whatsoever. The apparatus which defendant was found in the act of operating was located in the woods, hidden away from the public view by trees and undergrowths; and the jury could not have truthfully found otherwise than that defendant was guilty of the felony charged. So that, although the opinion of the witness Fry may not have been legally competent, the jury could not have been misled or improperly influenced by the evidence of this witness, nor could it have prejudiced the rights of defendant. In such case the improper evidence is regarded as harmless, and does not constitute reversible error. We seem to have so said in *State* v. *Hull,* 45 W. Va. 767; and *State* v. *Davis,* 68 W. Va. 142.

A third point for reversal is that the trial court, on motion of defendant, should have set aside the verdict and awarded him a new trial, on the ground that one of the jurors, J. H. Milam, was not a competent juror to try the case. On his voir dire, the record shows, he was duly qualified and accepted as one of the twelve chosen from the panel of twenty to try the case. In support of his motion to set aside the verdict, defendant undertook to prove by the affidavits of three persons that before the trial they had had conversa-

tion with this juror, in which he is alleged to have expressed an opinion of the guilt of defendant, and one of whom, Arthur Walker, swore that Milam had said in conversation with him that ''he did not know that he would be called to sit as a juror in said case, but if he was, he intended to see that Murdock got the limit of the penalty.'' The two other witnesses were called for cross-examination by the State, but affiant Walker, the record shows, could not be found and was not cross examined; but the State introduced the juror Milam, who denied that he had made up or expressed any opinion of the guilt of the accused, and denied he had any conversation with affiant Walker, as detailed by him. Milam admits that the subject of the arrest of the defendant and others, and the circumstances thereof, had been talked about in the neighborhood, and that on one occasion he concurred in the expression of opinion by others, that if the facts were so reported, he did not see what the accused could do but confess. He admitted on his voir dire that he had heard the subject discussed in the neighborhood, not by any of the witnesses, but had not made up his mind, and swore he could give defendant a fair trial uninfluenced by anything he had heard. We decided in *State* v. *Lutz,* 85 W. Va. 330, that a juror who is shown to have previously expressed a decided opinion as to the guilt of the accused, based wholly on what he had heard and read in the newspapers, but who swore that he had no prejudice or bias against the accused, and that regardless of his previously expressed opinion he felt that after hearing the evidence he could decide the case in accordance therewith, is not disqualified, and that the challenge by the prisoner was properly overruled. Counsel for the prisoner rely on our case of *State* v. *Greer,* 22 W. Va. 800. The defendant in that case was charged with a capital offense, but the rule laid down in point 20 of the syllabus in that case, as therein stated, has no application unless it appears from the whole case that the prisoner suffered injustice from the fact that the objectionable juror served upon the case. Certainly no injustice is shown in the case here.

The only other error assigned and relied on is the giving

of the State's instructions numbers one and two. The first told the jury that if they believed from the evidence that the defendant, on the 18th   day of February,   1921, in Raleigh County, West Virginia, owned, operated and had an interest in a mechanism, apparatus and device, commonly known as a moonshine still, they should find him guilty as charged in the indictment.   The only complaint of this instruction is that the court should have instructed the jury what a moonshine still is.   This the court did do in the second instruction offered by the State, immediately following the first, and told them this in the very language of the statute.

Finding no substantial error affecting injuriously   the rights of the defendant, we affirm the judgment.

*Affirmed.*