STATE OF WEST VIRGINIA

*v.*

ANDY MELANAKIS

(No. 9782)

Submitted September 11, 1946. Decided November 19, 1946.

*Eugene H. Long,* for plaintiff in error.

*Ira J. Partlow,* Attorney General, *Ralph M. Hiner,* Assistant Attorney General, and *Eston B. Stephenson,* Special Assistant Attorney General, for defendant in error.

KENNA, PRESIDENT:

On the 9th day of May, 1945, Andy Melanakis was convicted in the Circuit Court of Monongalia County

under an indictment charging him with possessing for sale a quantity of alcoholic liquor in violation of Code, 60-1-2, and on the 24th day of May was sentenced to six months confinement in the county jail and fined $500.00. This writ of error was granted on his petition, the thirteen assignments of error being based, we believe, upon seven different legal questions, which are: whether the verdict is contrary to the law and the evidence; whether the court erred in declining to direct the Prosecuting Attorney to furnish the accused a bill of particulars; whether it was error to refuse the defendant a continuance; whether in a misdeameanor case it was error to require the accused to go to trial before a jury of twelve made up by allowing the accused four peremptory challenges and the State one from a panel of seventeen qualified jurors instead of the customary twenty; whether it was error to permit four jurors who were challenged for cause because they had been on the panel of twenty jurors drawn in the case immediately preceding the case against Melanakis involving the identical state of facts, to remain on the panel of seventeen in the case against the accused; whether it was error to permit the certificate from the office of the Collector of Internal Revenue showing that Melanakis had a retail liquor dealer's license to be introduced in evidence against him; and whether the evidence procured by a search warrant issued by a justice of the peace on the 14th day of March, 1945, and executed on the 23rd day of March was admissible.

We are of the opinion that the verdict is not contrary to the law and the evidence, but due to the fact that that decision stems from and is the cumulative result of the conclusions reached upon the other points of assigned error, we believe that it is not necessary to deal with it separately in detail.

It was not error to decline to order the Prosecuting Attorney to furnish the accused with a bill of particulars. This question rests within the sound discretion of the trial court and an examination of the record be-

fore us we believe shows plainly that no element of surprise or lack of information could possibly have prejudiced Melanakis. He was informed what he would be confronted with. He knew that his place of business had been searched on March 23. He knew that the search warrant was based upon an alleged sale at the Reed Hotel, his place of business, to one Jefferson Kerns, on the 23rd day of February, 1945, as well as the equipment seized under that search. The State showed nothing more at his trial, its contention being that the physical arrangement, equipment, whisky found, at the time of the search coupled with proof of actual sale of two drinks of whisky to Kerns and his companion at a price of sixty cents were sufficient to prove the possession of alcoholic beverages for the purpose of sale. Nothing that a bill of particulars would have disclosed would have added to what Melanakis already should have known. Furthermore, the indictment was returned April 6, Melanakis was arraigned and entered his plea of not guilty on April 11, and he was tried and convicted on May 9. The record does not disclose a motion for a bill of particulars, although the brief of the plaintiff in error speaks of it as having been in writing and the brief of the state so treats it. Such a motion of course should be seasonably made but even conceding that the record is as treated by both plaintiff and the defendant in error, there is nothing to show that the motion was not made immediately before the swearing of the jury which under the circumstances of this case we believe would have demonstrated a lack of due diligence.

The assigned error in the refusal to grant the defendant a continuance is based upon the alleged irregularity in selecting a jury as are the two assignments which follow, there having been but seventeen subject to peremptory challenge remaining on the panel, using that word to denote the qualified jurors remaining in the box after examination on *voir dire*. Therefore the three assignments arising from the same occurrence will be discussed together.

The defendant's motion for a continuance was based upon the fact that only seventeen members of the venire qualified to go on the panel from which the accused's jury was drawn, the State receiving one peremptory challenge and the defendant four, the contention being that the accused was entitled to a panel of twenty. The circumstance that disqualified the other members of the venire who were otherwise free to serve on the Melanakis jury was the fact that Kathleen Stewart, an employee of Melanakis, who allegedly made the sale to Kerns and his companion, was on trial when the Melanakis jury was selected and upon that basis four jurors were challenged for cause because they had been drawn on the Stewart panel and struck. This objection was overruled. Others were challenged because they had heard part of the testimony in the Stewart case. This objection was sustained and those so challenged excused. The basic contention of the plaintiff in error is that he was entitled to four peremptory challenges from a panel of twenty qualified jurors, and that if not it was error not to sustain his challenge for cause to the members of the Melanakis panel who had been called from the panel in the Stewart case. In our opinion neither position is maintainable. Under Code, 62-3-3, in felony cases a qualified panel of twenty must be placed in the box. This provision by clear implication distinguishes misdemeanors from felony cases. There is no statute requiring that to be done in misdemeanor cases, which, of course, are not treated with rigid solemnity, as are felonies. The accused was accorded his statutory right of four peremptory challenges, which would seem to be more effective when applied to a panel of seventeen than when applied to twenty. Counsel for the plaintiff in error quotes a rule governing the making up of jury panels in all cases promulgated by this Court on April 9, 1945. This trial took place on the 9th day of May, 1945. The rule quoted carries a provision, not quoted, making it effective from and after the 1st day of June, 1945. We prefer to charge this circumstance to a nonunderstandable blunder on the part of counsel

than to a conscious effort to mislead. If the practice of impaneling twenty, subject to peremptory challenges in misdemeanor cases, had been as firmly established as counsel contends, there would have been no necessity for the rule promulgated.

Under the next assignment "State's Exhibit No. 15" admitted over objection, seems to be an excerpt from the records of the Collector of Internal Revenue for the District of West Virginia showing that Melanakis during the period covered by the indictment was the holder of a federal license to operate as a retail liquor dealer in the Reed Hotel. The paper in question is referred to as a "certificate". It does not bear the Collector's seal, but appended is a notary's jurat to the effect that the Collector swore to it on the 8th day of May, 1945. We have examined the authorities submitted by the State for the purpose of sustaining its admission, including United States Code Annotated, Title 28, Section 661, and Code, 57-1-13, and while there is considerable authority that sustains the admission of oral testimony of like effect, we have been unable to discover cases that would validate documentary proof in the form here involved. As stated, the paper does not bear the seal of the Collector of Internal Revenue. Neither does it carry the authentication of a judge of a court of record. We believe that its admission in the form and under the circumstances was plainly erroneous, but not prejudicial. We are of the opinion that without it there is uncontradicted proof in this record sufficient to convict the accused beyond all reasonable doubt, resting, as it does, upon bar room equipment, including whisky, found in the Reed Hotel when the search warrant was executed. The accused introduced no testimony. Consequently there is no factual controversy in the record and unless the highly attenuated supposition that the jury, without apparent reason, could have disbelieved the testimony of the officers who executed the search warrant concerning what they found and partly produced at the trial, listing it on their official return of the warrant, there is no reason to ques-

tion the correctness of the conviction. We are therefore of the opinion that although erroneous the admission of the paper from the office of the Collector of Internal Revenue is not grounds for reversal. *State v. Hull,* 45 W. Va. 767, Pt. 1 Syl., 32 S. E. 240; *State v. Davis,* 68 W. Va. 142, Pt. 7 Syl., 69 S. E. 639; *State v. Murdock,* 90 W. Va. 628, Pt. 2 Syl., 111 S. E. 632; *State v. Evans,* 94 W. Va. 47, Pt. 3 Syl., 117 S. E. 885.

The search warrant was issued on the 14th day of March and was not executed until the 23rd day of the same month. The admission of facts discovered and testimony procured in that manner is seriously questioned due to the fact of nine days delay, the rule being that an unexecuted search warrant becomes stale after the lapse of a reasonable time after its issuance. *State v. Pachesa,* 102 W. Va. 607, 135 S. E. 908; *State v. John,* 103 W. Va. 148, 136 S. E. 842. See also 74 A. L. R. 1514 and prior annotations there cited. The mandate of the warrant is that it be executed "forthwith" and the cases seem agreed that an absolute compliance with that command is unnecessary, that a substantial compliance suffices, and that what is reasonable under the circumstances of each case determines the question of compliance.

This question has troubled the Court no little because we do not believe that the excuse for the delay assigned by the officers to whom the warrant was addressed is to be tolerated. They say that they were planning a campaign consisting of a number of raids in the City of Morgantown and that they did not wish to disclose that plan by applying for a number of search warrants at the same time and that consequently they accumulated gradually those to be used during the raid. The question of searches and seizures is not subject to the convenience of peace officers nor to their various judgments of how best to enforce the law. The question of the validity of a search warrant's execution in point of time rests upon the circumstances of *each* case: not the circumstances surrounding a *number* of cases.

We believe that the reasons underlying that comment would suffer from understatement if subjected to discussion. The reason, therefore, which they say justified their course of conduct will not be considered by this Court, but the question will be decided as to whether nine days is an unreasonable delay in the execution of the search warrant before the Court.

There is no hard and fast period to predicate a decision upon but each case turns upon the nature of the warrant, the circumstances surrounding its issuance and execution and the nature of the premises to be searched. Here we have a hotel, a quasi-public place of business, supposedly operated under a program not subject to daily variation, but to the contrary largely standardized. No violation of personal privacy such as that existing in the home is involved. Neither is there involved information of a confidential nature. To the contrary the record seems to indicate that the property seized is the kind that would likely have been discovered without a search warrant upon the execution of a lawful warrant for the arrest of the proprietor of the Reed Hotel for the effense charged. Remembering that a search warrant is highly drastic and extremely susceptible to abuse, yet considering the nature of the offense, the property sought, and the quasi-public nature of the place to be searched, we are of the opinion that a delay of nine days in this case was not unreasonable.

We have examined the assignments of error based upon the refusal of defendant's instructions twelve and thirteen and are of the opinion that their substance was adequately covered by other instructions given.

For the foregoing reasons the judgment of the Circuit Court of Monongalia County is affirmed.

*Affirmed.*