STATE OF WEST VIRGINIA

*v.*

HARRY JARANKO

(No. 10765)

Submitted April 24, 1956.     Decided June 26, 1956.

*Clifford, Jones & White,* for plaintiff in error.

*John G. Fox,* Attorney General, *Arch W. Riley,* Assistant Attorney General, for defendant in error.

GIVEN, JUDGE:

Defendant, Harry Jaranko, was indicted by a grand jury in the Criminal Court of Harrison County on November 13, 1953. The indictment charges that defendant "did unlawfully, without a state license and without authorization under the Liquor Control Act, possess for sale a quantity of alcoholic liquor * * *". Defendant filed his motion to quash the indictment, and two pleas in abatement. The motion to quash was overruled, and demurrers to the pleas were sustained. A jury returned a verdict of guilty and the trial court overruled the motion of defendant to set the verdict aside. The Circuit Court of Harrison County having refused to grant a writ of error to the final judgment of the criminal court of that county, a writ of error and supersedeas was granted by this Court.

The allegations of the first plea in abatement are to the effect that the indictment is invalid, for the reason that the grand jury list from which the grand jury returning the indictment was drawn, was not properly made up or constituted and returned by the jury commissioners. The indictment against defendant was returned at the regular November, 1953, term of the Criminal Court of Harrison County. No grand jury list was made up at the levy term of the County Court of Harrison County for the year 1953 until after the return of the indictment. No grand jury list was made up for the year 1952 at the levy term of the county court, but a list containing two hundred nineteen names was made up and properly filed seventy eight days after the adjournment of the levy term

for 1952. The names of sixteen persons were drawn from the grand jury box, containing the two hundred nineteen names, for service on the grand jury. Fourteen of such persons, and two persons who were selected by special jury commissioners, comprised the grand jury which indicted defendant.

Defendant's other plea in abatement alleges facts intended to show that Section 2, Article 1, Chapter 4 of the Liquor Control Act, Chapter 4 of the 1935 Acts of the Legislature, Michie's 1955 Code, Chapter 60-1-2, does not create the crime attempted to be charged in the indictment.

Defendant, at the time of the selection of the jury which tried the case, challenged for cause a number of veniremen, on the ground that they were present in court and heard all or a part of the evidence in one or more of a number of cases very similar to the instant case, tried at the same term at which defendant was tried, and in which cases the principal State's witnesses against defendant testified. The challenges were not sustained and some, at least, of the challenged jurors served on the jury which convicted defendant.

The questions raised in the instant case, relating to the constitution of the grand jury which returned the indictment against defendant, and the questions relating to the qualifications and the challenges of petit jurors who were drawn on the panel from which the jurors who tried defendant were drawn, have been fully considered and decided at the present term of this Court, in *State* v. *John Joseph Carduff*, 142 W. Va. 18, 93 S. E. 2d 502. See also the opinions in *State* v. *Gory*, 142 W. Va. 5, 93 S. E. 2d 494; *State* v. *Curotz*, 142 W. Va. 45, 93 S. E. 2d 519; and *State* v. *Cirullo*, 142 W. Va. 56, 93 S. E. 2d 526, decided at the present term of this Court.

Defendant, by his second plea in abatement, raised a question as to whether Section 2 of Article 1 of Chapter 4 of the 1935 Acts of the Legislature, Michie's 1955 Code, 60-1-2, creates the offense attempted to be charged in the indictment returned against defendant, "possess for sale

a quantity of alcoholic liquor". The section reads: "A person shall not sell, possess for sale, transport, or distribute alcoholic liquors in this State except in accordance with the provisions of this chapter."

We find no substantial basis for saying that the section creates no such crime. The language clearly says that a person shall not "possess for sale" alcoholic liquors. True, the language used in the section does not specifically say that the possession of alcoholic liquors shall constitute a crime, nor does it fix any penalty for the violation thereof, but Section 15 of Article 6 of Chapter 4 of the Liquor Control Act provides that "A person who violates * * * any provision of this chapter for which punishment has not been specifically provided, shall be guilty of a misdemeanor and upon conviction shall be fined not less than ten nor more than five hundred dollars or confined in jail not less than five days nor more than six months, or by both such fine and imprisonment." In *State* v. *Melanakis*, 129 W. Va. 317, 40 S. E. 2d 314, though the precise question seems not to have been considered, a conviction on an indictment based on Section 2 of Article 1 of Chapter 4 of the Liquor Control Act was sustained.

Defendant contends that the trial court erred in not sustaining his motion to quash the search warrant and in admitting certain evidence relating to the seizure made under the warrant. The only substantial objections made to the sufficiency of the warrant are that the complaint did not sufficiently describe the premises to be searched, and did not set out sufficient facts to warrant the belief that there was probable cause for the issuance of the warrant, as required by Chapter 4 of the Liquor Control Act, Michie's 1955 Code, 60-6-18. The complaint alleges, as basis for the belief, that affiant "purchased two drinks of Seagram's Seven Crown whiskey at fifty (50) cents a drink in said premises". The place to be searched was described in the complaint as "that particular street floor of a three story brick and wood building, at 118½ South Second Street, in the Gore Hotel Apartment Building, in

the City of Clarksburg, Clark District, Harrison County, West Virginia, commonly known as the 'Red Man's Club' ". We are of the view that the complaint fully satisfies the requirements of the statute in both respects. The purchase of two drinks of liquor at the place of business affords ample basis for the belief that liquor was possessed at that place for the purpose of sale, and the description of the place to be searched fully satisfies the requirements of the statute. See *State* v. *Rigsby*, 124 W. Va. 344, 20 S. E. 2d 906; *State* v. *Lacy*, 118 W. Va. 343, 190 S. E. 344. The complaint and warrant issued pursuant thereto being sufficient, the evidence relating to the seizure made thereunder was admissible.

We have carefully examined other questions raised by defendant in his points of error relied upon for reversal, including the questions raised by the motion to quash the indictment and by the motion to set aside the verdict, and believe them sufficiently considered in one or more of the cases referred to above as having been decided at this term of this Court; or to be without substantial merit.

The judgment of the Circuit Court of Harrison County, refusing a writ of error from the Criminal Court of Harrison County, and the judgment of the Criminal Court of Harrison County, are affirmed.

*Affirmed.*