STATE OF WEST VIRGINIA

*v.*

SAM CUROTZ

(No. 10767)

Submitted April 24, 1956.     Decided June 26, 1956.

46

*Clifford, Jones & White,* for plaintiff in error.

*John G. Fox,* Attorney General, *Angus E. Peyton,* Assistant Attorney General, for defendant in error.

LOVINS, JUDGE:

The defendant Sam Curotz was indicted, tried and convicted in the Criminal Court of Harrison County, West Virginia. He was convicted of unlawfully selling two drinks of alcoholic liquor on _____ day of October, 1953, " * * * without a state license and without authorization under the Liquor Control Act, * * * ".

The proof shows that two members of the Department of Public Safety, dressed in civilian clothes, went to a place of business known as the Club Zanzi-bar in the early evening of October 29, 1953. While there, they were sold several drinks of intoxicating liquor by two female employees. The two members of the Department of Public Safety ordered their supper and ate their meal and then left the Club Zanzi-bar, going to other points in and around the City of Clarksburg.

The two policemen returned to the Club Zanzi-bar at approximately 1 o'clock A.M. October 30, 1953 and were served at this time two drinks of Black & White Blended Scotch Whisky by the defendant, Sam Curotz.

The two female employees of the Club Zanzi-bar and the defendant testify that the defendant did not sell the officers any whisky and that they did not see the defendant in the room where the whisky was allegedly sold. Such employees testified that the place of business was operated by the Fraternal Order of Orioles, Nest #218. These two employees also testify that a man named Patrick had charge of the place and in his absence a man named Goots was in charge. The defendant testified that his father owned the building in which the restaurant was situate and that he occupied a portion of it wherein he serviced certain coin operated music boxes and other machines of similar nature. The defendant admits that he was a member of the Fraternal Order of Orioles and that Joseph Patrick is President, Frank Cochran is head steward and that one Melvin Runyon is trustee.

The jury evidently believed the testimony of the two officers and convicted the defendant as charged in the indictment.

The defendant complains of the treatment accorded him when he was taken to the State Police Office. The record indicates that he resisted the efforts of the officers in their performance of certain required routine acts, including photographing and fingerprinting. No ground for reversal is disclosed by this record relative to such treatment.

The defendant strongly relies on an assignment of error relating to the selection and drawing of the grand jury which indicted him. He filed a plea in abatement, setting up facts relative to the selection and drawing of the grand jury. In substance, he alleges that the grand jury attending the Criminal Court of Harrison County at the November, 1953 term was selected from a list of per-

sons named for grand jury service in the year 1952, which list was made up by the then jury commissioners on the 5th day of November, 1952, 78 days after the adjournment of the levy term of the County Court of Harrison County on the 19th day of August, 1952; that in preparing said list, the then jury commissioners of Harrison County prepared a list of 219 persons, delivered the list to the Clerk of the Criminal Court of Harrison County and placed the names of persons appearing thereon in a grand jury box in the custody of the Clerk of such court.

In the year 1952, Graham I. Lynch and C. Earl Israel were the jury commissioners of the Criminal Court of Harrison county. The term of C. Earl Israel having expired on the 31st day of May, 1953, James E. Royal was appointed as jury commissioner in his stead.

It is further alleged in the plea in abatement that the levy term of the County Court of Harrison County commenced on the 4th day of August, 1953 and ended on the 18th day of August, 1953. Lynch and Royal, the jury commissioners in November, 1953, met with the Clerk of the Criminal Court of Harrison County and drew from the grand jury box the names of sixteen persons whose names had been placed therein on November 5, 1952, as grand jurors. These persons were duly summoned to serve at the November term of the Criminal Court of Harrison County; that fourteen persons so drawn appeared and that two other persons were selected by special jury commissioners and the sixteen persons were then sworn in; and that the grand jury so selected and drawn returned the indictment against the defendant.

The defendant contends by his plea in abatement that the grand jurors were not selected from a lawful list of names prepared by the jury commissioners for grand jury service and that the alleged grand jury so drawn in November, 1953, was not a legal grand jury; and that the indictment found by them is void.

A demurrer to the defendant's plea in abatement was

sustained, which is the error assigned here. Numerous other errors are cited. Forty-one assignments of error are shown by the record, in addition to the one relating to the selection of the grand jury.

These assignments may be classified as those relating to the admission of improper evidence; those relating to the rejection of proper evidence; those relating to the overruling of motions for a mistrial, made during the progress thereof; those relating to the remarks made by the assistant prosecuting attorney and the prosecuting attorney in the presence of the jury; those relating to the giving of state's instructions and the refusal of proper instructions offered by the defendant; those relating to modification of instruction proffered by the defendant; the action of the trial court in refusing to direct a verdict of not guilty and in refusing to set aside the verdict and award the defendant a new trial; the action of the trial court in entering judgment on the verdict and sentencing the petitioner to jail for one year and to pay a fine of five hundred ($500.00) dollars and cost; and the action of the Circuit Court of Harrison County in denying defendant a writ of error.

The assignment of error relating to the selection of the grand jury is strongly relied on by the defendant for a reversal. The defendant cites the case of *State* v. *Wetzel*, 75 W. Va. 7, 83 S. E. 68. In that case the existing statute required the Clerk of the County Court to be present at the drawing of grand jurors and also required that the list of persons selected by the County Court to serve as grand jurors be delivered to the Clerk of the Circuit Court. It was held in the *Wetzel* case that a failure to comply with such requirements or any one of them rendered the indictments returned by them void, and the then existing statute was mandatory as to such requirements. It will be noted that neither of these questions are specifically raised by the defendant's plea in abatement.

Since the case of *State* v. *Wetzel* was decided, the

statute regarding the selection of grand jurors has been amended. In preparing a list of jurors, the jury commissioners are required by Code, 52-2-2 to:

" * * * select and draw persons for grand juries * * * at the levy term of the county court each year, and at any other time when required by the court which appointed them, or the judge thereof in vacation, prepare a list of not less than one hundred nor more than two hundred qualified persons of their county, for grand jury service, chosen from the respective magisterial districts thereof, as nearly as may be in proportion to the population of the districts. The lists so prepared shall be submitted to the clerk of the court authorized to impanel a grand jury, or the judge thereof when required, and the name of any person who is not qualified shall be stricken from the list by the clerk or judge. The persons so listed shall be men of good moral character, who have never been convicted of a felony or of any scandalous offense; and shall have been bona fide citizens of the State and county for at least one year immediately preceding the preparation of the list, and shall not be office holders under the laws of the United States or of this State. At the time such jury list is made up, the jury commissioners shall cause all the names thereon to be written, each on a separate ballot, and shall fold, roll or prepare the same so as to resemble each other as nearly as may be, and so that the name written thereon shall not be visible on the outside, and shall inclose the ballots for each magisterial district in a separate envelope indorsed with the name of the magisterial district and the number of ballots inclosed, and shall deposit all the ballots, with the list, in a secure box to be prepared for the purpose, which shall be delivered to and safely kept by the clerk of the circuit court, and shall be known as the 'grand jury box' and shall be opened only by the jury commissioners or by order of the judge of the court having control thereof."

The present statute has dispensed with any duties relative to the selection and drawing of grand juries by the County Court or the Clerk of such Court. The clerk of

any court requiring a grand jury, at least thirty (30) days before the term of such court, is required to summon the jury commissioners to attend at his office at a day specified, which shall not be less than twenty (20) days before such term, at which the jury commissioners shall select a grand jury by drawing the names of sixteen persons from the grand jury box, and the persons so drawn shall constitute the grand jury. Code, 52-2-3. The jury commissioners are further required to enter the names of persons so drawn in a book kept for that purpose and deliver the list of such persons to the Clerk of the Court who shall issue summons for the persons drawn, directed to the sheriff, requiring him to summons such persons to appear on the day required and serve as grand jurors.

There is no complaint by the defendant that there was failure to comply with Code 52-2-3, but it seems that the provisions of Code, 52-2-2 were not observed. We take this opportunity to note that the provisions of Code, 52-2-2 relative to the preparations of jury lists and the time of such preparation should be observed by the jury commissioners for the Criminal Court of Harrison County and all courts in this jurisdiction.

Notwithstanding the failure to observe the time of selecting qualified persons for grand jury service, we do not think that such failure rendered the list void.

In selecting persons as petit jurors, this Court, in the case of *State* v. *Medley*, 66 W. Va. 216, 66 S. E. 358, held that the time of meeting of jury commissions for the selection of the annual list of persons to serve as petit jurors is directory, and that a substantial compliance therewith is sufficient.

The Court, in the case of *State* v. *Muncey*, 102 W. Va. 462, 135 S. E. 594, held that the purpose of statutes concerning the drawing of grand juries is to expedite and not hamper the administration of justice " * * * hence they are directory rather than mandatory." The Court furth-

er indicates that care should be used in following the statute in performing that act.

It is well to say at this point that the defendant does not allege nor contend that he suffered any prejudice because of the failure of the grand jury commissioners of Harrison County to select a list of persons to serve as grand jurors at the levy term of the County Court of that County. In the body of the opinion in the case of *State* v. *Muncey, supra,* the following is quoted from *State* v. *Price,* 92 W. Va. 542, 115 S. E. 393: " 'Ordinarily, a statute providing simply a mode of procedure will be held to be directory, and if the thing intended is done in some other way than that provided by the statute it will be valid, unless the statute in express terms provides that it shall be invalid unless performed in the manner pointed out.' ".

The statute here considered does not state that if the list of persons selected for grand jury service is selected differently from the method provided in the statute, such selection will be invalid. In *State* v. *Price, supra,* the statutory requirements relating to the time of the issuance of *venire facias* for petit jurors and summons to jury commissioners were held to be directory. In *State* v. *Driver,* 88 W. Va. 479, 107 S. E. 189, one member of the grand jury which returned the indictment was an officer and disqualified, though it was not error in that case to overrule the motion to quash the indictment. Point 4 of the syllabus in the case of *State* v. *Huff,* 80 W. Va. 468, 92 S. E. 681, is somewhat broad. However, it is clear from the language appearing at page 472 in the body of the opinion:

> "It is well settled also that the statutory requirement that commissioners shall make out and deliver to the clerk a list of the persons selected by them is directory, not mandatory, and that delay in the performance of this duty is not a material irregularity."

See *State* v. *Hoke,* 76 W. Va. 36, 84 S.E. 1054; *State* v.

*Taylor,* 57 W. Va. 228, 50 S.E. 247; *State* v. *Clark,* 51 W. Va. 457, 41 S.E. 204; 24 Am. Jur., Grand Juries, §18.

It is true that some of the cases just cited relate to the selection of petit juries, but we can see no real basis for distinguishing between the selection of persons to serve as petit jurors and the selection of persons to serve as grand jurors. Thompson and Merrian on Juries, Article V, §554, uses this language:

> " In view of the fact that the finding of the grand jury is only an accusation at the most, it is not surprising that courts should not be astute in discovering technical irregularities in the process of procuring this jury. As has been observed: 'Whatever occurs in regard to the constitution of the grand jury is really a matter of very little importance to the defendant. It is fairly to be supposed that, if one grand jury, made up in good faith, has found an indictment, another grand jury, upon the same testimony, would find another indictment; so that the only benefit resulting to the defendant, even if that be a beneficial result, would be a delay before the trial'. An additional argument against the allowance of mere technical objections, in this connection, is found in the fact that the delay in finding an indictment in a particular case might result in a very material and wholly unconscionable advantage to one charged with crime. The statute of limitations might bar an indictment before another grand jury could be lawfully impanelled."

We reach the conclusion that the delay in making up a list of persons and listing more than two hundred persons does not render a grand jury drawn from such list of persons an illegal grand jury, and the indictments returned by it void.

We do not approve irregularities in drawing grand juries as are here discussed. But we do not think that the facts alleged in the defendant's plea in abatement are sufficient to justify a holding that the grand jury so selected and drawn was an illegal grand jury, and therefore, the trial court did not commit error in sustaining the de-

murrer to such plea. The facts alleged in the plea in abatement are not sufficient to vitiate or render void the indictment.

The specific objection by the defendant to state's instructions numbers 1 and 2 are not valid. Both instructions state sound and applicable propositions of law, and therefore, the trial court did not commit error in giving such instructions.

The request made by the assistant prosecuting attorney that the trial court limit the evidence relative to the arrest of the defendant, to the rebuttal of testimony of mistreatment introduced by the defendant, and that such evidence should not be taken or considered as an indication of defendant's guilt of the charge for which he was tried, was not error. We find no error in the statement of the assistant prosecuting attorney in requesting the court to limit the evidence as stated. We think such request was reasonable and proper. We think there is no error in permitting the prosecuting attorney, in his closing argument to the jury, to express his personal opinion that the defendant was guilty.

Prosecuting Officers are given some latitude in making their arguments to a jury. *State* v. *Boggs,* 103 W. Va. 641, 138 S. E. 321; *State* v. *Simon,* 132 W. Va. 322, 52 S. E. 2d 725; *State* v. *Reppert,* 132 W. Va. 675, 52 S. E. 2d 820; *State* v. *Lewis,* 133 W. Va. 584, 610, 57 S. E. 2d 513; *State* v. *Allen,* 45 W. Va. 65, 30 S. E. 209. Point 3 of the syllabus in *State* v. *Boggs, supra,* is as follows:

> "The discretion of the trial court in ruling on the propriety of argument by counsel before the jury will not be interfered with by the appellate court, unless it appears that the rights of the complaining party have been prejudiced, or that manifest injustice resulted therefrom."

The evidence was conflicting and is such that reasonable men may differ as to its truth. We cannot say that the evidence of state's witnesses, believed by the jury, was improbable or incredible. The credibility of the wit-

nesses was for the jury to pass upon and the jury having passed upon it by finding the defendant guilty, we will not disturb the verdict. *State* v. *Bowles*, 117 W. Va. 217, 185 S. E. 205; *State* v. *Spradley*, 140 W. Va. 314, 84 S. E. 2d 156; *State* v. *Lewis*, 133 W. Va. 584, 57 S. E. 2d 513; *State* v. *Reppert*, 132 W. Va. 675, 52 S E. 2d 820; *State* v. *Hacker*, 130 W. Va. 91, 42 S. E. 2d 559. Point 1 of the syllabus in *State* v *Bowles*, *supra*, is as follows:

> "In a criminal case, a verdict of guilt will not be set aside on the ground that it is contrary to the evidence, where the state's evidence is sufficient to convince impartial minds of the guilt of the accused beyond a reasonable doubt, though the evidence adduced by the accused is in conflict therewith. To warrant interference with a verdict of guilt on the ground of insufficiency of evidence, the court must be convinced that the evidence was manifestly inadequate and that consequent injustice has been done."

The other assignments of error made by the defendant have been carefully examined and such alleged errors of the trial court with reference to evidence admitted and rejected, the modification of instructions offered by the defendant, as well as the other assignments of error do not disclose any error.

The evidence was sufficient to support a conviction and it was not error for the trial court to refuse to direct a verdict in favor of the defendant nor was it error on the part of the trial court to enter judgment on the verdict. Finding no reversible error in this record, the judgments of the Criminal Court and Circuit Court of Harrison County, are affirmed.

*Affirmed.*

HAYMOND, JUDGE, concurring:

Though I concur in the affirmance by this Court of the judgments below I do not concur in point 1 of the syllabus in this case. It is incomplete in that it does not deal with or mention the requirement of Section 2, Article 2, Chapter 52, Code, 1931, that a list of persons qualified for

grand jury service be prepared by the jury commissioners of a county, but deals only with the time of the preparation of the list and the maximum number of persons to be included in it. It should have dealt with the requirement that a list be prepared and pronounced that requirement mandatory. Its failure to do so differentiates it from the holdings of this Court in *State* v. *Carduff*, 142 W. Va. 18, 93 S. E. 2d 502; *State* v. *Gory*, 142 W. Va. 5, 93 S. E. 2d 494; *State* v. *Jaranko*, 142 W. Va. 1, 93 S. E. 2d 537, all of which were decided simultaneously with this case, that the requirement that a list be prepared is mandatory but that the requirements relative to the time of its preparation and the maximum number of persons to be placed upon it are directory. As the 1952 grand jury list for Harrison County and the validity of the indictment returned by the grand jury selected from that list were involved in each of the three cited cases and in this case, there is no perceivable reason for this singular differentiation. In consequence the foregoing syllabus is unnecessarily restrictive in dealing only with the directory provisions of the statute and, for that reason, I consider it inadequate and unacceptable.