# WHEELING.

## DONALDSON *v*. VOLTZ.

Submitted June 8, 1881.   Decided December 10, 1881.

Section 6 of chapter 193 of the Acts of 1872-3, so far as it excepts from the benefit of the exemption from execution debts due for rent, is in violation of section 48 Art. VI of the Constitution and is therefore null and void.

Appeal from and *supersedeas* to a decree of the circuit court of the county of Preston, rendered on the 26th day of March, 1879, in a cause in said court then pending, wherein Charles Donaldson was plaintiff and Peter Voltz was defendant, allowed upon the petition of said Voltz.

Hon. John Brannon, judge of the sixth judicial circuit, rendered the decree appealed from.

The facts of the case are fully stated in the opinion of the court.

*Robert W. Monroe* for the appellant cited the following authorities: Code ch. 93 §§ 10, 11; Acts 1872-3 ch. 193 § 6; *Id.* §§ 2, 3; 3 H. & M. 311; 7 Leigh 311; 3 Call 415; Dan. Att. §§ 11, 12; 8 W. Va. 612, 613; 13 W. Va. 686; 5 Rand. 577; Hillyard Inj. p. 258 § 12; 2 Leigh. 370.

*John Barton Payne* tor appellee cited the following authorities: Cons. Minn. Art. I § 12; 7 Minn. 465; 11 Minn. 475; 22 Minn. 147; Thomp. on Homesteads § 16; Stephens

Pl. 143; *Id.* 63; Gould Pl. ch. 2 § 43; Brightley's Purd.. Dig. 636; 3 Minn. 421; 18 Tex. 416; 36 Vt. 271; 61 Ill. 450; 10 Vt. 434; 33 N. Y. Sup. Ct. 390; 31 N. Y. 648; 21 Ill. 105; 64 Pa. St. 379; 31 Pa. St. 225; 39 Pa. St. 213; Thomp. Homesteads § 835; 33 N. Y. Sup. Ct. 390; 30 Ala.. 225; 2 Dan. Chy. Pr. 1381; 2 Tuck. Com. s. p. 323; Code ch. 138 §§ 4–8.

Patton, Judge, announced the opinion of the Court:

Charles Donaldson, a husband and parent, rented a house from Peter Voltz. Voltz obtained a distress-warrant for rent, which was levied on Donaldson's personal property. Donaldson claimed, that his property, which amounted in value to only $134.50, was exempt from forced sale under section 48 Art. VI of the Constitution. The sheriff not recognizing this property as exempt was about to sell it, when Donaldson obtained an injunction to the sale. This injunction was subsequently perpetuated by the circuit court of Preston county. Voltz then obtained an appeal and *supersedeas* to this Court. The only question is: Was this property exempt from forced sale? Section 48 Art. VI of the Constitution provides: " Any husband or parent residing in this State or the infant children of deceased parents may hold a homestead of the value of one thousand dollars, and personal property to the value of two hundred dollars, exempt from forced sale, subject to such regulations as shall be prescribed by law. *Provided*, That such homestead exemption shall in no wise affect debts or liabilities existing at the time of the adoption of this Constitution; *And provided further*, That no property shall be exempt from sale for taxes due thereon or for the payment of purchase-money upon said property or for debts contracted for the erection of improvements thereon."

By section 6 of ch. 193 of the Acts of 1872-3 it was enacted by the Legislature: " No exemption claimed under the provisions of this act shall affect or impair any claim for the purchase-money of the personal estate, in respect to which such exemption is claimed, or any claim for work or labor performed in a family as a domestic, or any voluntary lien on such estate given by the owner thereof, or any proceeding for the collection of taxes on county, district or township levies,

or any debt created for funeral expenses, or any claim where the debtor is removing or about to remove his property out of this State with intent to defraud his creditors, or for rent upon a lease which has not been due more than a year."

Is this act of the Legislature depriving the debtor of the benefit of the exemption, where the debt was due for rent, unconstitutional? It seems to me it is clearly so. The Constitution makes certain debts exceptions; but as to all other debts the exemption applies. If it was in the power of the Legislature to except a debt due for rent from the benefit of the exemption, it could except all other debts and thus deprive the debtor of all the benefit intended by the Constitution. To recognize the existence of such a power, would be in effect to say, that this provision of the organic law is liable to be defeated entirely at the will of the Legislature. It is true, that the exemption was to be "subject to such regulations as may be prescribed by law"; but this power to regulate certainly does not mean the power to destroy. Where a Constitution establishes a right but has not particularly designated the manner of its exercise, it is within the constitutional limits of the legislative power to adopt all necessary regulations in regard to the time and mode of exercising it, which are reasonable and uniform and designed to secure and facilitate the exercise of such right. Such a construction would afford no warrant for such an exercise of the legislative power, as under the pretence of regulating should subvert or destroy the right itself.

In the case of *Tuttle* v. *Strout*, 7 Minn. 465, a similar question to the one arising in this case was determined by the court adversely to the constitutionality of the act of the legislature. In the opinion the court says: " In regard to the question raised by the plaintiff we cannot resist the conclusion, that the ninth section of the act conflicts with section twelve of the Bill of Rights. The language of the constitution is too plain to admit of a serious doubt, either as to its interpretation or application to the act under consideration. ' A reasonable amount of property shall be exempt from seizure or sale for the payment of *any debt or liability*.' This includes debts or liabilities of every kind or description without exception ; and it certainly requires no argument to show,

that a sum of money due for services rendered by a clerk, laborer or mechanic is a debt or liability. The constitution makes no exception in favor of any particular class of persons or kind of debts or liabilities; nor should we recognize the right of the Legislature to make any such distinctions. If one class of persons or kind of debts or liabilities may be excepted, all may be; and the constitutional provision might thus be rendered nugatory."

I am of opinion to affirm the decree of the circuit court with costs.

THE OTHER JUDGES CONCURRED.

DECREE AFFIRMED.