# CHARLESTON.

## STANLEY v. HUBBARD, SHERIFF.

Submitted January 28, 1886.—Decided February 25, 1886.

1. *Quære:*—Does sec. 48, Art. VI. of our Constitution, which declares, "that no property shall be exempt from sale *for taxes due thereon,*" limit the right to sell the exempted property to the taxes *assessed upon it* alone, or may it be sold for taxes assessed upon other property and levied upon it?

2. In a controversy as to the right to sell property of a value less than $100.00 levied upon to pay taxes exceeding $100.00, an appeal is allowed the party who claims the right to sell said property. HELD :

This Court has not jurisdiction to hear such appeal.

*T. B. Swann* for appellant.

*Payne & Green* for appellee.

Snyder, Judge :

Suit in equity brought in the circuit court of Kanawha county by James A. Stanley against John F. Hubbard, late sheriff of said county, to enjoin the defendant from selling one horse, one wagon and two sets of harness levied on by the defendant as the property of the plaintiff to satisfy taxes assessed upon certain lands of the estate of Rachel M. Tompkins, deceased, amounting to $109.33.   The levy was made on said property because the plaintiff was at the time occupying said lands as the tenant of the · owners and said property was found thereon.   The bill alleges that said property is not liable for said taxes, because the plaintiff was not the tenant of the whole of the lands on which the taxes were assessed; and also because the plaintiff is a husband and parent owning less than $200.00 in value of personal estate, and claims the said property as exempt from sale under the laws of this State.   The plaintiff exhibits with his bill a list which is duly sworn to by him and purports to embrace all the personal estate owned by him, the total value as shown by the list amounting to $198.10.   The said list includes the horse, wagon and harness levied on by the plaintiff and they are valued therein at the aggregate of $96.00.

The defendant answered the bill, and upon the petition of J. C. Brown and J. G. W. Tompkins as administrators of Rachel M. Tompkins, deceased, they were made defendants and demurred to and also answered the bill.   The plaintiff's deposition was taken which with certain exhibits was all the evidence filed in the cause.   On April 29, 1885, the court entered a decree perpetually enjoining the defendant Hubbard from selling said property and ordering the levy upon the same to be released.   From this decree the defendants appealed.

The statute, authorizing the property of the tenant to be distrained for taxes assessed upon the leased premises, is founded upon the presumption that the tenant is at the time, or may be thereafter, indebted to the landlord for the rents for said premises.   This is manifest from the provision which directs that the tenant shall have credit for taxes so paid by him against the rents due to the landlord.   Sec. 15, ch. 30

Code.  The right of the sheriff, therefore, to distrain the goods of the tenant for such taxes, to some extent, depends upon the right of the landlord to subject the goods of the tenant to the payment of the rents due him.  This Court has expressly decided that a husband or parent is entitled to the benefit of the exemption against rents due from him.  *Donaldson* v. *Voltz*, 19 W. Va. 156.

It will also be observed that the provision of our constitution, which declares the exemption in favor of any husband or parent, contains the  following exceptions and no others : " that no property shall be exempt from sale for *taxes due thereon*, or for the payment of purchase-money due upon said property, or for debts contracted for the erection of improvements thereon." Const. Art. VI., sec. 48.  It would seem, that the language, " taxes due *thereon*," would imply that the taxes from which the property is not exempt are *those assessed on the property* which is claimed under the exemption, and not taxes assessed upon other property of the husband or parent, on  leased  premises  occupied  by a tenant, and which are merely  levied  upon the property claimed to be exempt. *Fink* v.  *O'Neil*, 106 U. S. 272.

While I have made  the foregoing suggestions  as an indication that in my opinion the decree of the circuit court was correct on the merits of the cause, still, as  this appeal must be dismissed for the want of jurisdiction in this Court to entertain it, no final or  binding opinion is intended to be expressed as to the questions involved in said suggestions.

The onus of showing jurisdiction in  this  Court to entertain an appeal always  rests upon the  appellant, and unless such jurisdiction is made to appear in some proper manner the appeal must be dismissed.  The only matter of which the appellants complain in  this  Court, and the only one of which they can complain according to the facts disclosed by the record, is that they are by the decree appealed from perpetually inhibited and enjoined from selling the horse, wagon and harness in the plaintiff's bill mentioned and applying the proceeds thereof to the  payment of certain taxes.  These taxes amount to $109.33,  the amount or · validity of which is  not questioned in  this  appeal.  The sole question is as to the right of the appellants to  have the proceeds of the

aforesaid property applied to payment of said taxes. If they are deprived of that right they will simply be deprived of the value of said property and nothing more. It is, therefore, the value of said property only which is involved in the controversy in this Court, and if that value is less than $100.00, this Court is without jurisdiction to determine the controversy. *Neal* v. *Van Winkle*, 24 W. Va. 401; *Bee* v. *Burdett*, 23 W. Va. 744; *Rymer* v. *Hawkins*, 18 W. Va. 309; *Greathouse* v. *Sapp*, 26 W. Va. 87.

The only evidence in the record of the value of said property,.is contained in the list of property claimed by the plaintiff as exempt from distress, filed as an exhibit with his bill and sworn to by him. The property in controversy, the testimony here shows, is included in said list and the aggregate value thereof fixed therein at $96.00. Whether or not this is the true value of the property is immaterial. If it is not the burden was on the appellants to show it and they have failed to do so. For the purposes of this appeal said value must be taken as correct and true, and the same being less than $100.00 the appeal must be dismissed as having been improvidently awarded.

DISMISSED.