STATE OF WEST VIRGINIA *ex rel.* CHESTER CLAY MYNES

*v.*

HONORABLE OLIVER D. KESSEL, JUDGE OF THE CIRCUIT COURT OF ROANE COUNTY, WEST VIRGINIA, *et al.*

(No. 12671)

Submitted September 20, 1967.    Decided January 23, 1968.

*George M. Scott*, for relator.

*C. Donald Robertson*, Attorney General, *Leo Catsonis*, Assistant Attorney General, *Orton A. Jones*, Prosecuting Attorney, for respondents.

HAYMOND, JUDGE:

This is an original proceeding in prohibition, instituted in this Court June 12, 1967. The petitioner is Chester Clay Mynes and the defendants are Honorable Oliver D. Kessel, Judge of the Circuit Court of Roane County, West Virginia, and Honorable Orton A. Jones, Prosecuting Attorney of that county. The petitioner seeks a writ to prohibit the defendants from trying the petitioner upon an indictment returned by the grand jury attending the Circuit Court of Roane County on May 23, 1967, which charges the petitioner with the offense of statutory rape and which indictment the petitioner asserts is void because the grand jury which

returned it was not selected and impaneled in the manner provided by law and because at the time the petitioner filed his original and amended plea in abatement to the indictment no order showing the finding of the indictment and its return in court had been entered upon the records of the court.

To the indictment the petitioner filed his plea in abatement on May 31, 1967 and his amended plea in abatement on June 5, 1967, at which time issue was joined upon the amended plea in abatement. The matter was heard by the court upon the written stipulation of facts between the prosecuting attorney and the attorney for the petitioner, the evidence of the jury commissioners and the clerk of the circuit court, given under oath in open court, and an affidavit of the deputy clerk of the circuit court. By order entered June 5, 1967, the court overruled the plea in abatement and on that day the petitioner entered his plea of not guilty to the indictment and moved the court that all proceedings be stayed for a sufficient time to enable the court reporter to transcribe the evidence taken upon the hearing upon his amended plea in abatement. By order entered June 5, 1967, the court overruled the foregoing motions and set the case for trial on June 14, 1967.

On June 12, 1967, upon the petition and its exhibits filed by the petitioner, this Court granted a rule returnable September 6, 1967, and suspended further proceedings in the case until the further order of this Court. On September 5, 1967, the defendants filed their written demurrer and answer and its exhibits; and on the return day of the rule this proceeding was submitted for decision upon the foregoing pleadings, the record of the proceedings in the circuit court, and the written briefs and the oral arguments of the attorneys for the petitioner and the defendants.

The defects, irregularities and statutory violations alleged in the amended plea in abatement filed in the criminal proceeding by the petitioner Mynes and which he charges render illegal the grand jury which returned the indictment against him and also invalidates such indictment are: (1) The jury commissioners did not select or prepare a list

of qualified persons of Roane County for grand jury service for the current year; (2) the grand jurors attending the Circuit Court of Roane County, who returned the indictment against the petitioner Mynes were not selected or chosen from any jury list or ballots prepared by jury commissioners of that court at the levy term 1967 of the county court of that county but that on the contrary approximately fifty of the 100 names placed on the grand jury list by the jury commissioners in 1967 were selected and chosen by them at the levy term of the county court for the year 1966; (3) the sixteen members of the grand jury were not chosen from the respective magisterial districts of Roane County as nearly as may be in proportion to the population of such districts; (4) no person from Harper District served as a member of the grand jury, only one person from Walton District served as a member, and nine of the sixteen members reside in Spencer District, all of which was in violation of the legal requirement that such jurors should be proportioned as nearly as may be among the respective districts of the county in accordance with the population of such districts; (5) only thirteen persons appeared as grand jurors at the May 1967 term of the Circuit Court of Roane County, one of such jurors from Walton District was excused because as a member of the board of education of that county he is a public officer and ineligible for such service, and the special jury commissioners, in selecting the four additional grand jurors, gave no consideration to the various magisterial districts but selected all of them from Spencer District of the county, and no record of the circuit court shows any valid appointment of jury commissioners to prepare the list and select the necessary number of persons to complete the grand jury for the May 1967 term of the circuit court; and (6) the jury commissioners did not, at the levy term of the county court for 1967, or at any time, cause all the names on the grand jury list to be placed upon a separate ballot, did not fold, roll or prepare such ballots so as to resemble each other as nearly as may be and so as not to be visible on the outside, did not inclose such ballots for each magisterial district in a separate envelope indorsed with the name of the magis-

terial district and the number of ballots inclosed, and did not deposit all such ballots with the jury list in a secure box prepared for the purpose, known as the grand jury box, and did not deliver such box for safe keeping to the clerk of the Circuit Court of Roane County, but on the contrary all the names written on separate ballots and placed in envelopes in the grand jury box were written, folded and placed in such box by the deputy circuit clerk of Roane County when the jury commissioners were not present and did not participate in the preparation of the ballots or in placing them in the grand jury box. All of these irregularities, the petitioner charges, were contrary to and in violation of the statutes applicable to such matters and resulted in the selection of an illegal grand jury and rendered invalid the indictment returned by it against the petitioner.

The petitioner also charges, as a ground of attack upon the indictment, and as set forth in a written stipulation entered into by the attorneys representing the respective parties, that as of the date of the filing of the petitioner's plea in abatement there was no court order of record in the circuit court which showed that the grand jury of the May 1967 term of that court had been impaneled and sworn as such grand jury or that the indictment against him had been returned, received, accepted or filed in the circuit court.

The petitioner makes the further contention that the members of the grand jury were disqualified to serve as such because of the alleged illegal manner in which they were chosen and selected. The petitioner, however, does not assert or contend, either by allegation in his amended plea in abatement or by any showing in the evidence disclosed by the record, that any fraud or corruption existed, or that any of the jurors who returned the indictment was incompetent or in any wise unqualified other than the alleged disqualification resulting from the manner in which they were chosen, selected and impaneled, or that the proceedings of the jury were improper, or that any act occurred or did not occur which resulted in any prejudice to the substantial rights of the petitioner.

The statute, the provisions of which the petitioner asserts were violated in the selection and impaneling of the grand jury, are Sections 2 and 3, Article 2, Chapter 52, Code, 1931, as amended.

The provisions of Section 2 are: "The jury commissioners appointed under the provisions of section three of article one of this chapter shall select and draw persons for grand juries. Such commissioners shall, at the levy term of the county court each year, and at any other time when required by the court which appointed them, or the judge thereof in vacation, prepare a list of not less than one hundred nor more than two hundred qualified persons of their county for grand jury service, chosen from the respective magisterial districts thereof, as nearly as may be in proportion to the population of the districts. The lists so prepared shall be submitted to the clerk of the court authorized to impanel a grand jury, or the judge thereof when required, and the name of any person who is not qualified shall be stricken from the list by the clerk or judge. The persons so listed shall be of good moral character, who have never been convicted of a felony or of any scandalous offense; and shall have been bona fide citizens of the State and county for at least one year immediately preceding the preparation of the list, and shall not be officeholders under the laws of the United States or of this State: Provided, that the term 'officeholders' shall not be taken, read or understood to include notaries public. At the time such jury list is made up, the jury commissioners shall cause all the names thereon to be written, each on a separate ballot, and shall fold, roll or prepare the same so as to resemble each other as nearly as may be, and so that the name written thereon shall not be visible on the outside, and shall inclose the ballots for each magisterial district in a separate envelope indorsed with the name of the magisterial district and the number of ballots inclosed, and shall deposit all the ballots, with the list, in a secure box to be prepared for the purpose, which shall be delivered to and safely kept by the clerk of the circuit court, and shall be known as the 'grand jury box' and shall be opened only by the jury com-

missioners or by order of the judge of the court having control thereof."

Section 3 of the same article and chapter provides in part that "The clerk of any court requiring a grand jury shall, at least thirty days before the term of court, summon the jury commissioners to attend at his office at a day specified, which shall not be less than twenty days before such term, and select persons for the grand jury, but the court, or judge thereof, may require such jury commissioners to appear forthwith, or at any specified time, and select grand jurors for either a regular, special or adjourned term of court. On the day appointed, the jury commissioners shall appear and draw the names of sixteen persons from the grand jury box, and the persons so drawn shall constitute the grand jury. If when drawing the ballots it shall appear to the commissioners that any person so drawn is dead, or for any reason disqualified or unable to serve, they shall destroy the ballot and cancel the name on the list and draw another in such person's stead. They shall enter the names of all persons so drawn in a book kept for that purpose and deliver a list thereof to the clerk, who shall issue a summons for the persons drawn, directed to the sheriff of the county requiring him to summon them to appear on the day required and serve as grand jurors."

The petitioner contends that the provisions of Sections 2 and 3 are mandatory and must be strictly complied with and are not directory requiring only substantial compliance, and that the controlling question for decision in this proceeding is whether such provisions are mandatory or directory.

This Court in prior decisions has considered the character of some of the foregoing provisions of Sections 2 and 3, here under consideration, and of prior and former provisions of those sections. *State ex rel. Kennedy* v. *Boles,* 150 W. Va. 504, 147 S. E. 2d 391; *State* v. *Carduff,* 142 W. Va. 18, 93 S. E. 2d 502; *State* v. *Gory,* 142 W. Va. 5, 93 S. E. 2d 494; *State* v. *Jaranko,* 142 W. Va. 1, 93 S. E. 2d 537; *State* v. *Cirullo,* 142 W. Va. 56, 93 S. E. 2d 526, 93 S. E. 2d 535; *State* v. *Johnson,* 142 W. Va. 284, 95 S. E. 2d 409; *State* v.

*Howard,* 137 W. Va. 519, 73 S. E. 2d 18; *State* v. *Burdette,* 135 W. Va. 312, 63 S. E. 2d 69; *State* v. *Muncey,* 102 W. Va. 462, 135, S. E. 594; *State* v. *Austin,* 93 W. Va. 704, 117 S. E. 607; *State* v. *Price,* 92 W. Va. 542, 115 S. E. 393; *State* v. *Driver,* 88 W. Va. 479, 107 S. E. 189, 15 A.L.R. 917; *State* v. *Wetzel,* 75 W. Va. 7, 83 S. E. 68, Ann. Cas. 1918A, 1074; *State* v. *Hoke,* 76 W. Va. 36, 84 S. E. 1054; *State* v. *Taylor,* 57 W. Va. 228, 50 S. E. 247; *State* v. *Clark,* 51 W. Va. 457, 41 S. E. 204; *Eastham* v. *Holt,* 43 W. Va. 599, 27 S. E. 883, 31 S. E. 259.

As pointed out in the *Carduff* case, the quoted provisions of Sections 2 and 3 in specifying the acts to be performed and the procedure to be followed generally contain the word "shall" which appears twenty-four times in the quoted provisions of the two sections.

In discussing the effect of the use of the word "shall" and in determining the character, mandatory or directory, of the foregoing statutory provisions, this Court, in the opinion in the *Carduff* case, used this language:

"Though generally the use of the word 'shall' in constitutions and statutes limits or prevents the exercise of discretion, *Baer* v. *Gore,* 79 W. Va. 50, 90 S. E. 530, L.R.A. 1917B, 723, its use in such provisions is not conclusive in determining whether they are mandatory or directory. 'The rule that the word "shall" should be construed as mandatory has appropriate application when the provision of the statute relates to the essence of the thing to be done, or to matters of substance.' *State ex rel. Boone County Coal Corporation* v. *Davis,* 133 W. Va. 540, 56 S. E. 2d 907. In determining whether a statute is mandatory or directory the intention of the Legislature is controlling, and if that intention is to make compliance with the statute essential to the validity of the act directed to be done, the statute is mandatory. *State ex rel. Thompson* v. *Fry,* 137 W. Va. 321, 71 S. E. 2d 449; *State* v. *Simmons,* 135 W. Va. 196, 64 S. E. 2d 503. If, however, the intention of the Legislature is not to make compliance with the statute essential to the validity of the act directed to be done or the procedure to be followed, the

statute is merely directory. *State* v. *Simmons,* 135 W. Va. 196, 64 S. E. 2d 503; *Mears* v. *Dexter,* 86 Va. 828, 11 S. E. 538; 82 C.J.S., Statutes, Sections 374 and 376.

"In 82 C.J.S., Statutes, Section 376, the text contains this language: 'Whether a statute is mandatory or directory depends on whether the thing directed to be done is of the essence of the thing required, or is a mere matter of form, and what is a matter of essence can often be determined only by judicial construction. Accordingly, when a particular provision of a statute relates to some immaterial matter, as to which compliance with the statute is a matter of convenience rather than substance, or where the directions of a statute are given merely with a view to the proper, orderly and prompt conduct of business, it is generally regarded as directory, unless followed by words of absolute prohibition; and a statute is regarded as directory where no substantial rights depend on it, no injury can result from ignoring it, and the purpose of the legislature can be accomplished in a manner other than that prescribed, with substantially the same results.' See also 24 Am. Jur., 'Grand Jury, Sections 6 and 19; 50 Am. Jur., Statutes, Section 25."

In the opinion in *Morgan* v. *Snodgrass,* 49 W. Va. 387, 38 S. E. 695, Judge Brannon used this quotation from Cooley's Constitutional Limitations 77, in defining a directory statute: "Those directions, which are not of the essence of the thing to be done, but which are given with a view merely to the proper, orderly and prompt conduct of the business, and by a failure to obey which the rights of those interested will not be prejudiced, are not commonly to be regarded as mandatory."

In the *Carduff* case this Court held the provision of Section 2, Article 2, Chapter 52, Code, 1931, before its recent amendment, that the jury commissioners "shall, at the levy term of the county court each year, and at any other time when required by the court which appointed them, or the judge thereof in vacation, prepare a list of not less than one hundred nor more than two hundred qualified persons of their county for grand jury service," mandatory with

respect to the preparation of the list but directory with respect to the time of its preparation, that substantial compliance with the time required was sufficient, and that failure of the jury commissioners to comply strictly with such time requirement did not render the grand jury selected from such list an unlawful or improperly constituted grand jury or vitiate the indictment returned by it when the persons selected for grand jury service were competent and qualified for such service and the action of the jury commissioners did not result in any prejudice to any right of the defendant. Points 1 and 2, syllabus, *State* v. *Carduff*, 142 W. Va. 18, 93 S. E. 2d 502. See also *State* v. *Jaranko*, 142 W. Va. 1, 93 S. E. 2d 537; *State* v. *Gory*, 142 W. Va. 5, 93 S. E. 2d 494; *State* v. *Cirullo*, 142 W. Va. 56, 93 S. E. 2d 526, 93 S. E. 2d 535; *State* v. *Johnson*, 142 W. Va. 284, 95 S. E. 2d 409; *State* v. *Medley*, 66 W. Va. 216, 66 S. E. 358; 18 Ann. Cas. 761; *State* v. *Clark*, 51 W. Va. 457, 41 S. E. 204.

In *State* v. *Howard*, 137 W. Va. 519, 73 S. E. 2d 18, this Court held mandatory the provision of Section 3, Article 1, Chapter 52, Code, 1931, before its 1965 amendment, that "There shall be two jury commissioners for every court of limited jurisdiction, who shall be appointed by such courts, or the judges thereof in vacation, respectively, * * *"; that a grand jury drawn by commissioners, one or both of whom were appointed by the clerk of the court was unlawfully constituted; and that an indictment returned by such grand jury was void. In that case, however, this Court also held that the provision of Section 3, Article 2, Chapter 52, Code, 1931, before its recent amendment, that the clerk of any court requiring a grand jury shall, at least thirty days before the term of court, summon the jury commissioners to attend at his office at a day specified, which shall not be less than twenty days before such term, and select men for grand jury duty, was directory. In the opinion this Court said: "In general it may be said that the provisions of Code, 52-2-3, as relate to the issuance of a *venire facias* for grand jurors, are directory. Thus it has been held that the requirement of Code, 52-2-3, respecting the time of the issuance of a *venire facias* for grand jurors is directory, and even the failure to issue such writ will not vitiate an indictment,

which is found by a grand jury, selected and drawn in the manner provided by statute, which actually was in attendance and was impanelled and sworn in accordance with the statute. *State* v. *Wetzel*, 75 W. Va. 7, 83 S. E. 68; *State* v. *Hoke*, 76 W. Va. 36, 84 S. E. 1054." See also *State* v. *Taylor*, 57 W. Va. 228, 50 S. E. 247.

In *State* v. *Muncey*, 102 W. Va. 462, 135 S. E. 594, decided in 1926, an order of the circuit court directed the clerk of that court to summon a special grand jury, and to draw and select from the grand jury list sixteen qualified grand jurors to attend the circuit court. Pursuant to such order the clerk, in the presence of the judge, drew from the grand jury box the names of sixteen jurors. The statute then in force, Chapter 157, Barnes Annotated Code, 1923, provided that "The jury commissioners * * * shall select and draw persons for grand juries." and also authorized the court or the judge to "require said jury commissioners to appear forthwith, or at any specified time, and select grand jurors for either a regular or special term of court." This Court held that the grand jury so selected was properly constituted and in point 2 of the syllabus said: "The general purpose of the statutes relating to the drawing of grand juries is to expedite and not to hamper the administration of justice—hence they are directory rather than mandatory. While courts should use meticulous care to follow the statute, a technical departure from the mode of procedure by the courts in such drawing, where the prisoner has not been shown to have been prejudiced thereby, will not be ground for reversal."

In the opinion in the *Muncey* case this Court said: "It may reasonably be inferred that the jury commissioners were the proper ones to make the drawing here. But shall we quash the indictment? We have held frequently that the statutes providing the method of summoning grand juries are directory. *State* v. *Taylor*, 57 W. Va. 228; *State* v. *Hoke*, 76 W. Va. 36; *State* v. *Wetzel*, 75 W. Va. 7; *State* v. *Driver*, 88 W. Va. 480; *State* v. *Austin*, 93 W. Va. 704. This is on the theory that it is merely an accusing body, and the liberty of the citizens does not require that nice inquiry should be

made into the manner in which it was organized. Thompson & Merriam on Juries, §140; *State* v. *Austin*, supra. Its selection was protected from technical attacks thereon by the statute providing that 'no presentment or indictment shall be quashed or abated on account of the incompetency or disqualification of any one or more of the grand jurors who found the same.' Code, Ch. 157, §12. There is no charge here that the jury was not properly selected by the jury commissioners and placed in the box, and that the box had not been kept in the manner provided by law. The act complained of was merely ministerial. It was performed under the direction of and in the presence of the court. How could the prisoner have been prejudiced? As Judge BRANNON said in *Eastham* v. *Holt*, 43 W. Va. 603: 'A large discretion is here given the court for the administration of justice.' This court said in *State* v. *Price*, 92 W. Va. 542: 'Ordinarily, a statute providing simply a mode of procedure will be held to be directory, and if the thing intended is done in some other way than that provided by the statute it will be valid, unless the statute in express terms provides that it shall be invalid unless performed in the manner pointed out.' Our statute does not so provide. The general purpose of these statutes is to expedite and not to hamper the administration of justice—hence they are directory rather than mandatory."

In view of the foregoing authorities this Court holds that the provision of Section 2, Article 2, Chapter 52, Code, 1931, as amended, that persons selected and drawn for grand juries shall be chosen from the respective magisterial districts as nearly as may be in proportion to the population of such districts, and the provisions of such section that at the time the list of persons for grand jury service is made up, the jury commissioners shall cause all the names thereon to be written, each on a separate ballot, and shall fold, roll or prepare the same so as to resemble each other as nearly as may be, and so that the name written thereon shall not be visible on the outside, and shall inclose the ballots for each magisterial district in a separate envelope indorsed with the name of the magisterial district and the number of ballots inclosed, and shall deposit all the ballots,

with the list, in a secure box to be prepared for the purpose, which shall be delivered to and kept safely by the clerk of the circuit court, and shall be known as the "grand jury box" and shall be opened only by the jury commissioners or by order of the judge of the court having control thereof, most of which provisions deal with and prescribe the procedure to be followed in the use of such list and ballots, are directory; and that a grand jury drawn from such list and in the selection of which the foregoing provisions are substantially complied with, is a lawful grand jury and an indictment by such grand jury is not vitiated or rendered void because there has not been strict compliance with such directory provisions, if the members of such grand jury are qualified for grand jury service and no fraud or corruption has occurred in and no prejudice to any right of the defendant has resulted from the manner in which such grand jury was selected and impaneled.

This Court finds, as did the trial court, that the jury commissioners sometime prior to April 3, 1967, prepared a proper list of one hundred qualified persons of the county for grand jury service and delivered the list to the clerk of the circuit court and that the requirements of the directory provisions of the statute relating to the preparation and custody of the separate ballots were substantially performed and complied with by or under the supervision of the clerk of the circuit court.

Contrary to the contention of the petitioner the undisputed evidence shows that the jury commissioners who had previously been appointed by the circuit court served as such and prepared a list of qualified persons for grand jury service in 1966 and continued to serve as such in 1967 and in March of that year prepared the present proper list of grand jurors by using the names of fifty-two qualified persons contained in the 1966 list but which had not been used and by adding the names of forty-eight other qualified persons to complete the present list of one hundred qualified persons.

There is no merit in the contention of the petitioner that the action of the circuit court at its May 1967 term in ap-

pointing special jury commissioners who, in selecting four grand jurors in the place of those excused and not appearing, selected all of them from Spencer District and gave no consideration to the various magisterial districts and that such action of the court rendered the grand jury an unlawful grand jury.

The foregoing action of the circuit court was in strict compliance with the provisions of Section 4, Article 2, Chapter 52, Code, 1931. That section, in part, provides that "Any fifteen or more of the grand jurors attending shall be a competent grand jury. If a sufficient number of qualified jurors do not attend, the court shall appoint two bona fide citizens of the county, of opposite politics, having all of the qualifications of jury commissioners, who, after taking the oath required of jury commissioners, shall select the number of qualified persons necessary to complete the grand jury. * * *."

There is nothing in this statute that requires the special jury commissioners to select the additional jurors from the grand jury list or to give proportionate representation to the magisterial districts or that prevents the selection of all of them from the same magisterial district. The only requirement is that they shall be qualified persons, and such persons were selected by the special jury commissioners at the May 1967 term of the circuit court. See *State v. Austin,* 93 W. Va. 704, 117 S. E. 607.

In the *Austin* case this Court held in point 3 of the syllabus that the appointment, as provided by the foregoing section, by special jury commissioners in that case of four members whose names did not appear on the list of grand jurors, in addition to the twelve members of the grand jury who appeared in court, did not render unlawful the grand jury so selected because the names of the four additional jurors did not appear on such list.

As the grand jury is essentially an accusing and investigating agency, the purpose of the statute in directing the selection of grand jurors as nearly as may be in proportion to the population of magisterial districts of the county was to distribute them throughout the county and in conse-

quence to facilitate and effectuate the prompt and accurate discovery and ascertainment of the commission of crime in any section of the county. Unlike members of the legislative department of the government, members of the grand jury do not represent the people of the county on a population basis and the rule of one person one vote recognized and applied by the Supreme Court of the United States in numerous recent decisions, beginning with *Baker* v. *Carr,* 369 U. S. 186, 82 S. Ct. 691, 7 L. Ed. 2d 663, does not govern or apply in the selection of persons for grand jury service.

There is also no merit in the contention of the petitioner that members of the grand jury were not qualified to serve as such because of the irregular manner in which they were selected. The qualifications of grand jurors are fixed and prescribed in Section 2 of the statute and their qualifications can not be affected, added to, or detracted from, by the manner of their selection. In the *Austin* case this Court held that the only qualifications of grand jurors, as set forth in the statute, are that they shall be men of good moral character, who have never been convicted of a felony or of any scandalous offense, and shall have been bona fide citizens of the State and county for at least one year immediately preceding the preparation of the list, and shall not be officeholders under the laws of the United States or of this State.

It should be emphasized that in holding that the grand jury which returned the indictment against the petitioner was a lawfully constituted grand jury and that the indictment was not vitiated by any irregularity in its selection, this Court does not overlook or sanction the neglect upon the part of the jury commissioners in failing to perform strictly, fully and promptly the duty imposed upon them by the statute. On the contrary their apparent indifference and their careless action are expressly disapproved. Extreme care should be exercised to comply strictly with all the requirements of the statute by all who are charged with that duty and even a technical or harmless disregard of such requirements should be scrupulously avoided.

The contention of the petitioner that, as set forth in the written stipulation, at the time of the filing of his plea in

abatement on May 31, 1967, there was no court order of record which showed that the grand jury for the May 1967 term of the circuit court had been impaneled and sworn as a grand jury of the county and no court order of record which showed that the indictment against the petitioner had been returned, received, accepted or filed in the circuit court is not sustained, but instead is refuted, by the record in this proceeding. Duly certified copies of orders entered by the circuit court on May 22 and May 23, 1967, filed as exhibits with the answer of the defendants, expressly show that the grand jury was duly impaneled and sworn and charged by the court and sent to its room to discharge their duty as grand jurors on May 22, 1967, and that the indictment against the petitioner was on May 23, 1967 returned in court by the grand jury which, upon inquiry by the court, answered that at least twelve grand jurors concurred in the finding of the indictment and that fifteen members had been present at all times during their investigation.

The stipulation, in the absence of fraud, mistake or conflicts appearing in the record, can not operate to contradict, overcome or supersede the orders of the court which are conclusive and are of controlling force and effect and, there being no fraud, mistake or conflicts in the record, the contents of the stipulation can not be entertained or considered by this Court to contradict the provisions of the orders. This Court has held in numerous cases that courts of record can speak only by their record and what does not so appear does not exist in law. *Powers* v. *Trent*, 129 W. Va. 427, 40 S. E. 2d 837; *State ex rel. Bika* v. *Ashworth*, 128 W. Va. 1, 35 S. E. 2d 351; *Meyers* v. *Washington Heights Land Company*, 107 W. Va. 632, 149 S. E. 819; *Charleston Trust Company* v. *Todd*, 101 W. Va. 31, 131 S. E. 638.

Attention is directed to Section 4, Article 3, Chapter 51, Code, 1931, as amended, which to the extent here pertinent provides that "The law proceedings of every court shall be entered in a book and in the discretion of the court may be caused to be read, and after being corrected, where it is necessary, shall be signed by the judge or presiding officer on the following day, except those of the last day of the term and of the day on which the court may adjourn to a

future day as prescribed in Article two of this chapter, which shall be drawn up and corrected, where it is necessary, and signed by the judge or officer on the same day, * * *." Compliance with the simple requirement of the statute would settle and dispose of any question concerning the time of the entry of all law orders of courts of record and all courts of record are admonished to comply fully with the foregoing statutory requirements.

The writ of prohibition sought by the petitioner is denied and the order suspending the proceedings in the circuit court entered when the rule in this proceeding was issued is vacated.

*Writh denied.*