STATE *ex rel.* ROGER NEAL BURGETT

*v.*

HARVEY OAKLEY, *Judge, etc., et al.*

(No. 13092)

Submitted June 22, 1971.     Decided October 19, 1971.

*W. Bernard Smith,* for realtor.

*Chauncey H. Browning, Jr.,* Attorney General, *George E. Lantz,* Deputy Attorney General, *Willard A. Sullivan,* Assistant Attorney General, for respondents.

CARRIGAN, JUDGE:

This is an original proceeding in habeas corpus wherein petitioner seeks to have this Court declare an order of the Circuit Court of Logan County sentencing the petitioner to a term of two years in the West Virginia State Penitentiary void and, thus, prevent its enforcement.

Petitioner was indicted by the grand jury at the September 1970 term of court for the possession of the drug Cannabis in violation of Chapter 16, Article 8A, Section 2 of the Code of West Virginia, 1931, as amended. Petitioner was tried and convicted during said September 1970 term of court, and on December 8, 1970, he was sentenced as

aforesaid. Petitioner was granted a stay of execution to perfect an appeal to this Court, but was refused bond. He was subsequently released by this Court on bond pending his appeal.

At the January 1971 term of the Circuit Court of Logan County, in another criminal case, in which petitioner was not a defendant, the question was raised that the grand jurors for the January 1971 term and prior terms had not been properly selected. Petitioner did not plead in abatement to his indictment because of the improper selection of the grand jury which indicted him, although he did move for a new trial after his conviction.

The records of the Circuit Court of Logan County disclose the following:

> On this 20th. day of August, 1970, John R. Browning, the Circuit Clerk for Logan County, West Virginia, proceeded to appoint C. E. Abbott as Jury commissioner in the place and stead of A. Hill Rigdon, who had been duly summoned to appear, and failing to appear because of the reason of being ill and out of the State, and Willis Cooke in the place and stead of U. L. Cook, who is deceased, to draw the Grand Jury and the Petit Jury for the September, 1970, term of the Circuit court, all in accordance with Chapter 52, Article 1, Section 11, of the West Virginia Code.

The defendant contends that the jury commissioners appointed on August 20, 1970, who selected the September 1970 grand jury, were not properly appointed and, therefore, his indictment by this grand jury was void leaving the Circuit Court of Logan County with no jurisdiction to try, convict and sentence him. Petitioner also contends that Chapter 44, Acts of the Legislature, 1939, amending the former drug statute, made *possession* of Cannabis a crime, whereas prior to the enactment of Chapter 44 only the *sale at retail* of Cannabis, in certain instances, was a crime, and that the title to the 1939 Act does not meet the requirement of Article VI, Section 30 of the Constitution of West Virginia.

The respondents, Oakley, Tomblin and Damron, contend that Chapter 53, Article 4A, Section 1, *et seq.*, Code of West Virginia, 1931, as amended, hereinafter referred to as the Post-Conviction Habeas Corpus Act, allows post-conviction habeas corpus relief only to a convicted defendant who has begun to serve the sentence imposed upon him, and then only after he has exhausted his right to appeal or, in the alternative, after his appeal time has expired.

Article I, Section 9 of the Constitution of the United States reads, in part, as follows:

> The Privilege of the Writ of Habeas Corpus shall not be suspended, unless when in Cases of Rebellion or Invasion the public Safety may require it.

Article III, Section 4 of the Constitution of West Virginia, also, in part, provides:

> The privilege of the writ of habeas corpus shall not be suspended.

The writ of habeas corpus is thus guaranteed by both the federal and State Constitutions. We believe that in enacting the Post-Conviction Habeas Corpus Act the legislature of this State intended to liberalize the application of this ancient writ to meet the suggestion of Congress and the federal courts, and not to restrict the application of the writ of habeas corpus.

In the case of *Donaldson* v. *Voltz*, 19 W.Va. 156 (1881), in declaring certain legislative restrictions placed upon the exercise of the exemption provided in Article VI, Section 48, null and void, this Court recognized that this constitutional provision authorized the legislature to enact certain regulations, but said:

> * * * Where a Constitution establishes a right but has not particularly designated the manner of its exercise, it is within the constitutional limits of the legislative power to adopt all necessary regulations in regard to the time and mode of

exercising it, which are *reasonable and uniform and designed to secure and facilitate the exercise of such right.* Such a construction would afford no warrant for such an exercise of the legislative power, as under the pretence of regulating should subvert or destroy the right itself. (Emphasis added.)

In the case of *Buskirk* v. *Judge of Circuit Court,* 7 W.Va. 91, decided in 1873, Judge Haymond said:

> The writs of *habeas corpus, mandamus* and prohibition are highly esteemed and appreciated by the intelligent and patriotic of all free, well regulated governments, and the absence and denial of them, as remedies to the citizen has ever been a source of well founded grief and lamentation by the same class in governments of oppression and despotism. So strong has been the regard and appreciation of the people of this State for these writs they have not been content to leave them ... dependant upon mere act of the Legislature, but they have . . . made them constitutional writs . . . . * * * I am clearly of opinion that it was not the purpose or intention of the Legislature in enacting that section to prohibit this court from hearing application for, and awarding writs of ... *habeas corpus* ....

Surely the legislature, in enacting the Post-Conviction Habeas Corpus Act, did not intend to so limit the use of the writ of habeas corpus in criminal cases that it would only be available after conviction and actual imprisonment and after the right to appeal has been exhausted or the appeal period has expired. To so limit the use of the writ of habeas corpus in criminal cases would be unreasonable and would restrict and limit rather than secure and facilitate the exercise of this constitutional right and would be clearly unconstitutional.

We therefore hold that the intent of the Post-Conviction Habeas Corpus Act was to liberalize, rather than restrict, the exercise of the writ of habeas corpus in criminal cases.

Code, 52-1-3, as amended, provides for jury commissioners; appointment and qualification; term; removal; vacancies, etc. A part of this section provides:

> * * * [The two jury commissioners] *shall* be appointed by the circuit court, or the judge thereof in vacation, of their respective counties. * * * Vacancies caused by death, resignation or otherwise, *shall* be filled for the unexpired term in the same manner as the original appointments. (Emphasis added.)

It appears from the August 20, 1970, order of the Circuit Court of Logan County that John R. Browning, the Circuit Clerk of Logan County, West Virginia, proceeded to appoint the two jury commissioners to replace one deceased former jury commissioner and one former jury commissioner who was ill and out of the state. The two jury commissioners so appointed selected the grand jury for the September 1970 term at which petitioner was indicted.

In *State* v. *Howard,* 137 W.Va. 519, 73 S.E.2d 18 (1952), this Court held that the requirement that the jury commissioners be appointed by the court, or the judge thereof, in vacation, is mandatory, and a grand jury drawn by the commissioners, one or both of whom have been appointed by the clerk of the court, is unlawfully constituted, and an indictment returned by such a grand jury so drawn is void.

This is the second syllabus point of *Scott* v. *Harshbarger,* 116 W.Va. 300, 180 S.E. 187 (1935):

> The writ of habeas corpus lies to effect the release from imprisonment of an accused who is confined by reason of a conviction and sentence under a void indictment.

*See also, State ex rel. Titus* v. *Hayes,* 150 W.Va. 151, 144 S.E.2d 502 (1965); *State ex rel. Widmyer* v. *Boles,* 150 W. Va. 109, 144 S.E.2d 322 (1965); *State ex rel. Beckett* v. *Boles,* 149 W.Va. 112, 138 S.E.2d 851 (1964).

While it is contended that the circuit judge discussed the appointment of the jury commissioners with the circuit clerk, the order of August 20, 1970, speaks for itself. This is the first syllabus point of *The Town of Star City* v. *Trovato,* 155 W.Va., 253, 183 S.E.2d 560, decided by this Court on October 5, 1971:

Courts of record can speak only by their record and what does not so appear does not exist in law.

*See also, State* v. *Underwood,* 130 W.Va. 166, 43 S.E.2d 61 (1947); *Powers* v. *Trent,* 129 W.Va. 427, 40 S.E.2d 837 (1946); *State ex rel. Bika* v. *Ashworth,* 128 W.Va. 1, 35 S.E.2d 351 (1945). In addition, we find no provision in the statute making discussion of the matter between the circuit judge and circuit clerk sufficient compliance with the statute.

While it is true that petitioner in the present case did not plead in abatement to the irregular selection of the jury commissioners and, in fact, did not discover such irregularity until after trial and conviction, we find this case distinguishable from *State* v. *Nuckols,* 152 W.Va. 736, 166 S.E.2d 3 (1968); *State ex rel. Mynes* v. *Kessel,* 152 W.Va. 37, 158 S.E.2d 896 (1968); and *State* v. *Hankish,* 147 W.Va. 123, 126 S.E.2d 42 (1962), in that in the present case the statutory requirement for selection of jury commissioners is mandatory, while in the *Nuckols, Mynes* and *Hankish* cases the alleged irregularities complained of were merely directory.

We, therefore, find that the jury commissioners selected by the Circuit Clerk of Logan County on August 20, 1970, were illegally appointed and that the indictment found against petitioner by the September 1970 Grand Jury of Logan County was a nullity thereby rendering his conviction thereunder void. This being decisive of this case, it is not necessary to pass upon the other points raised by petitioner.

For these reasons the petitioner is ordered to be released and discharged in accordance with the writ heretofore awarded.

*Petitioner discharged.*