STATE *ex rel.* GARY L. RIDENOUR

*v.*

BOBBY LEVERETTE, *Superintendent,*

WEST VIRGINIA PENITENTIARY

(No. 14288)

Decided November 5, 1980.

*Charles V. Wehner* for plaintiff.

*Chauncey H. Browning,* Attorney General, *Gregory W. Bailey and Howard E. Krauskopf,* Assistant Attorneys General, for defendant.

PER CURIAM:

Petitioner Gary Lyn Ridenour was tried and convicted of first degree murder in the Circuit Court of Preston County and was sentenced to life imprisonment with mercy. No appeal was taken from that conviction. In

1977 he filed a habeas corpus petition in this Court *pro se* alleging ineffective assistance of counsel. A writ issued and was made returnable to Preston County, where that court then appointed counsel to represent petitioner. Counsel filed a second habeas corpus petition particularizing the ineffective assistance of counsel claim by alleging thirty-six acts or omissions on the part of the original counsel. On April 17, 1978, the trial court denied relief and on June 1, 1978, counsel filed a motion to reverse under the Post-Conviction Habeas Corpus Act.

In this motion, counsel assigned an additional ground for reversal, the giving of an instruction contrary to our holding in *State v. Pendry*, 159 W.Va. 738, 227 S.E.2d 210 (1976). The trial court refused to reverse its judgment or to allow petitioner to reopen his habeas corpus proceeding. On August 29, 1978, petitioner appealed to this Court and we granted his petition, specifically limiting the scope of our review to whether the conviction should have been set aside based on a constitutionally impermissible instruction under *State v. Pendry*.

The relevant portion of the trial court's charge to the jury states:

> Evidence has been introduced in this case concerning the use of a deadly weapon, namely a shotgun, as the weapon used in the killing of Joyce Ann Plum. Under our law a person is presumed to intend that which he does, or which is the immediate or necessary consequence of his act.

> Therefore, if the jury believe from the evidence in this case beyond a reasonable doubt that the defendant, Gary Lyn Ridenour, with a deadly weapon in his possession, without any or upon very slight provocation, gave to Joyce Ann Plum a mortal wound, then the defendant, Gary Lyn Ridenour is prima facie guilty of wilful, malicious, deliberate and premeditated killing, and the burden rests upon Gary Lyn Ridenour of showing extenuating circumstances, and unless he proves such extenuating circumstances, or

the circumstances appear from the case made by the State, then you should find Gary Lyn Ridenour guilty of murder in the first degree.

The petitioner contends that this charge improperly shifts the burden of proof as to a material element of the crime contrary to Syllabus Point 4 of *State v. Pendry, supra*. In that syllabus point we said:

In a criminal prosecution, the State is required to prove beyond a reasonable doubt every material element of the crime with which the defendant is charged, and it is error for the court to instruct the jury in such a manner as to require it to accept a presumption as proof beyond a reasonable doubt of any material element of the crime with which the defendant is charged or as requiring the defendant either to introduce evidence to rebut the presumption or to carry the burden of proving the contrary.

We agree with petitioner that the charge given by the trial court in the case before us does not comply with the law as stated in *Pendry* because it improperly shifts the burden of proof. Although petitioner was convicted on April 30, 1975, before *State v. Pendry, supra*, was decided, his conviction must be set aside under Syllabus Point 2 of *Jones v. Warden, West Virginia Penitentiary*, 161 W.Va. 168, 241 S.E.2d 914 (1978) which states:

The proscription against unconstitutionally shifting the burden of proof in criminal trials from the state to the defendant through the use of presumptions is fully retroactive and may be raised by collateral attack against a final conviction.

The State concedes that the correctness of the charge is questionable in light of our decisions in *Pendry* and *Jones*, but argues that the conviction should be affirmed on the procedural ground that petitioner should have instituted a new and separate habeas corpus proceeding instead of filing a motion to reverse. We disagree.

The Post-Conviction Habeas Corpus Act is broad in its scope and purpose. Section 10 of the statute states that

the provisions of the entire article "shall be liberally construed so as to effectuate its purposes." And in *State ex rel. Burgett v. Oakley*, 155 W.Va. 276, 184 S.E.2d 318 (1971), this Court held that the intent of the Post-Conviction Habeas Corpus Act is to liberalize, not restrict, the exercise of habeas corpus writs in criminal cases.

Adhering to the policy and spirit of the Act, we conclude that, under the particular circumstances of this case, the trial court erred in requiring petitioner to institute an entirely new proceeding to raise a purely legal question. No good reason existed for unnecessarily delaying the decision.

For the foregoing reasons, we reverse the final judgment, set aside the verdict and remand the case for a new trial.

*Reversed and remanded.*